KIRBY AISNER & CURLEY, LLP
*Attorneys for the Debtor/Plaintiff*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Dawn Kirby, Esq.
dkirby@kacllp.com
Dana P. Brescia, Esq.
dbrescia@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

FIRSTBASE.IO, INC.,                              Chapter 11
                                                 Case No. 24-11647 (LGB)
                        Debtor.
------------------------------------------------------------X

FIRSTBASE.IO, INC.,

                        Plaintiff,
                                                 Adv. Pro. No. 24-
    -against-

HARBOR BUSINESS COMPLIANCE
CORPORATION,

                        Defendant.
------------------------------------------------------------X

## COMPLAINT

Firstbase.io, Inc. ("Plaintiff" or "Debtor"), as the Chapter 11 debtor and debtor-in-possession, by its attorneys, Kirby Aisner & Curley, LLP, files this complaint (the "Complaint") to avoid the Judgment entered against it in the New York State Supreme Court, County of New York, in favor of Defendant, Harbor Business Compliance Corporation ("Defendant" or "Harbor Compliance") on August 19, 2024 in the amount of $27,915,714.00 together with interest from April 23, 2024 as a preferential transfer, and to reclassify any claims held by Defendant. In support of this Complaint, the Debtor hereby alleges upon information and belief that:

## NATURE OF THE CASE

1. This action is commenced pursuant to sections 544, 547, 548 and 550 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") to avoid the judgment entered against the Debtor in favor of the Defendant and any purported security interest created thereby in any of the Debtor's property, as a preferential transfer of property that occurred on or within ninety (90) days before the Petition Date (defined below), namely from June 27, 2024 through September 24, 2024 (the "Preference Period").

## JURISDICTION AND VENUE

2. This court has jurisdiction of this adversary proceeding, which arises under title 11, arises in and relates to the Chapter 11 Case (as defined herein) commenced in the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. This adversary proceeding is a "core" proceeding to be heard and determined by this Court pursuant to 28 U.S.C. § 157(b)(2)(F).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. The statutory and legal predicates for the relief sought herein are sections 502, 544, 547 and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff consents to the entry of final orders and judgments by the Court.

## THE PARTIES

7. The Debtor is a foreign business corporation formed under the laws of the State of Delaware on January 25, 2021, and authorized to do business in the State of New York as of March 18, 2021.

8. The Debtor is a technology company which provides business formation services to the public with a principal place of business at 26 Mercer, 3rd Floor, New York, New York 10013.

9. Upon information and belief, Defendant is a corporation formed under the laws of the State of Pennsylvania on April 30, 2012, with a principal place of business at 1830 Colonial Village Lane, Lancaster, Pennsylvania 17601.

10. Upon information and belief, Defendant is a technology company providing similar services to the public as those of the Debtor.

## BACKGROUND

11. On or about May 28, 2022, Debtor and Defendant entered into an agreement under which Defendant would provide certain business services to Debtor (the "Partnership Agreement").

12. During the course of this partnership several disputes emerged between Debtor and Defendant, including but not limited to, the alleged misuse of information and resources that Harbor Business regarded as its trade secrets, and the validity of certain invoices issued by Harbor Business under the Partnership Agreement.

13. On or about March 1, 2023, Harbor Compliance commenced a lawsuit against the Debtor in connection with the disputes entitled *Harbor Business Compliance Corporation, Plaintiff v. Firstbase.io, Inc., Defendant*, Case No. 5:23-cv-0802 in the United States District Court for the Eastern District of Pennsylvania (the "Federal Court Action").

14. After a jury trial was conducted in the Federal Court Action, the jury rendered a verdict in favor of Harbor Compliance in the amount of $27,915,714.00.

3

15. On April 23, 2024, in accordance with the jury verdict, a judgment was entered against the Debtor, in favor of Harbor Compliance, in the amount of $27,915,714.00 in the Federal Court Action (the "Foreign Judgment").

16. On August 13, 2024, Harbor Compliance commenced a lawsuit against the Debtor seeking domestication of the Foreign Judgment pursuant to NY CPLR §5402 entitled *Harbor Business Compliance Corporation, Plaintiff -against- Firstbase.io, Inc., Defendant,* Index No. 157580/2024 in the Supreme Court of the State of New York, County of New York, (the "State Court Action").

17. On August 19, 2024, a judgment was entered against the Debtor, in favor of Harbor Compliance, in the amount of $27,915,714.00, together with interest from April 23, 2024 in the State Court Action (the "New York Judgment"), a copy of which is annexed hereto as **Exhibit "A"** and made a part hereof.

18. Upon information and belief, Harbor Compliance alleges that on September 5, 2024, it delivered an Execution with Notice to Garnishee (the "Execution") in the State Court Action to New York City Marshal Stephen W. Biegel (the "Marshal"), a purported copy of which is annexed hereto as **Exhibit "B"** and made a part hereof.

19. On September 25, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). From and after the Petition Date, the Debtor continued to operate as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

20. Upon information and belief, Harbor Compliance alleges it is a secured creditor of the Debtor in an amount equal to at least $29,457,411.86 plus per diem interest, secured by all

4

the Debtor's personal property, and the proceeds thereof (the "Judgment Lien") by virtue of the New York Judgment and Execution.

21.  On October 10, 2024, the Debtor filed Schedules of Assets and Liabilities and Statement of Financial Affairs (collectively, the "Schedules"). [ECF No. 14]. The Schedules include a disputed claim of Harbor Compliance in the amount of $27,915,714.00.

22.  The Judgment Lien, if perfected, was created on or within ninety (90) days before the Petition Date.

23.  Pursuant to Bankruptcy Code §101(36), the term "judicial lien" means lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding.

24.  Pursuant to Bankruptcy Code §101(53), the term "statutory lien" means lien arising solely by force of a statute on specified circumstances or conditions, or lien of distress for rent, whether or not statutory, but does not include security interest or judicial lien, whether or not such interest or lien is made fully effective by statute.

25.  Defendant's Judgment Lien is a judicial lien, not a statutory lien, and is not excepted from avoidance as a preferential transfer.

**FIRST CLAIM FOR RELIEF**
**(Avoidance And Recovery of Preferential Transfer)**
**11 U.S.C. §§547(b) and 550**

26.  The Debtor repeats and realleges each and every allegation contained in Paragraphs 1 through 22 above as if fully set forth herein.

27.  The creation of the Judgment Lien on September 5, 2024, twenty days before the Petition Date constitutes a transfer of an interest in property of the Debtor during the Preference Period.

5

28. The creation of the Judgment Lien was to or for the benefit of a creditor within the meaning of section 547(b)(1) of the Bankruptcy Code because it elevated Defendant's status from a general unsecured creditor to a secured creditor.

29. The creation of the Judgment Lien was made for, or on account of, an antecedent debt or debts owed by the Debtor to Defendant before the creation of the Judgment Lien which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtor.

30. The creation of the Judgment Lien was made while the Debtor was insolvent or was rendered insolvent by the transfer. The Debtor is entitled to the presumption of insolvency in connection with the creation of the Judgment Lien made during the Preference Period pursuant to section 547(f) of the Bankruptcy Code.

31. As a result of the creation of the Judgment Lien, Defendant will receive more than Defendant would have received if: (a) the Debtor's case was under Chapter 7 of the Bankruptcy Code; (b) the Judgment Lien had not been made; and (c) Defendant received payment of its debt under the provisions of the Bankruptcy Code. As evidenced by the Debtor's schedules filed in the underlying bankruptcy case, the Debtor's liabilities exceed their assets to the point that unsecured creditors will not receive a full payout of their claims from the Debtor's bankruptcy estate.

32. By reason of the foregoing, the creation of the Judgment Lien is avoidable pursuant to 11 U.S.C. § 547(b).

**SECOND CLAIM FOR RELIEF**
**(Determining Defendant Shall Not Be Treated As A Secured Creditor)**
**Fed. R. Bankr. Pro. 3003(c)(2) and (c)(3)**

33. The Debtor repeats and realleges each and every allegation contained in Paragraphs 1 through 32 above as if fully set forth herein.

34. With respect to the creation of the Judgment Lien such transfer was made within two (2) years of the Petition Date.

35. The creation of the Judgment Lien was made for less than reasonably equivalent value.

36. The Debtor was insolvent or was rendered insolvent by the creation of the Judgment Lien on September 5, 2024..

37. By reason of the foregoing, pursuant to Bankruptcy Code §§ 548, 550 and 551, the Debtor is entitled to a judgment against the Defendant (a) avoiding the creation of the Judgment Lien on September 5, 2024; and (b) directing that termination of the New York Judgment be filed in the New York County Clerk's Office.

**PRAYER FOR RELIEF**

**WHEREFORE,** the Debtor requests that this Court grant it the following relief against Defendant:

(i) on Plaintiff's First Claim for Relief, judgment in favor of the Debtor and against the Defendant that, pursuant to §547 of the Bankruptcy Code, the creation of the Judgment Lien be avoided;

(ii) on Plaintiff's Second Claim for Relief, judgment in favor of the Debtor determining that the Defendant shall not be treated as a secured creditor with

7

respect to such claim for purposes of voting and distribution; and

(iii)   such other and further relief as the Court deems just and proper.

Dated: Scarsdale, New York
       December 12, 2024

    KIRBY AISNER & CURLEY, LLP
*Attorneys for the Debtor/Plaintiff*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500

By: */s/ Dawn Kirby*
    Dawn Kirby, Esq.