**ROYER COOPER COHEN BRAUNFELD LLC**
Marc Skapof, Esquire
1120 Avenue of the Americas, 4th Floor
New York, New York 10036-6700
Telephone: (212) 994-0452
Email: mskapof@rccblaw.com
Matthew Faranda-Diedrich, Esquire*
**Three Logan Square**
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Telephone: (215) 839-1000
Email: mfd@rccblaw.com
*Admitted *Pro Hac Vice*
*Counsel to Creditor, Harbor Business Compliance Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | Presentment Date: June 23, 2025 |
| | : | 12:00 pm |

**HARBOR BUSINESS COMPLIANCE CORPORATION'S LIMITED OBJECTION AND RESERVATION OF RIGHTS TO DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER FURTHER EXPANDING THE SCOPE OF
QUINN EMANUEL URQUHART & SULLIVAN'S RETENTION AND EMPLOYMENT**

Harbor Business Compliance Corporation ("Harbor Compliance"), by and through its undersigned counsel, hereby submits its Limited Objection and Reservation of Rights (the "Objection") to Debtor Firstbase.io, Inc.'s ("Debtor") Application for Entry of an Order Further Expanding the Scope of Quinn Emanuel Urquhart & Sullivan's ("Quinn Emanuel") Retention and Employment ("Application") in the instant chapter 11 case (the "Chapter 11 Case"). In support of its Objection and in opposition to the Application, Harbor Compliance respectfully represents as follows:

1

**RELEVANT PROCEDURAL BACKGROUND**

1. On September 25, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On October 31, 2024, Debtor filed an Application pursuant to 11 U.S.C. § 327(e) to Employ and Retain Quinn Emanuel as special litigation counsel for the Debtor (the "Original Application") in connection with Debtor's post-trial motions (and its later appeal) filed in connection with a civil action between Harbor Compliance and Debtor, which ultimately resulted in a $27,915,714 jury verdict in Harbor Compliance's favor. ECF No. 30 at ¶ 21.

3. On December 12, 2024, an Order was entered granting the Original Application pursuant to Section 327(e) and specifically finding that "Quinn Emanuel does not represent or hold any interest adverse to the Debtor or to the estate *with respect to the matters for which it will be engaged…*". ECF No. 45 at 2 (emphasis added).

4. On the same day, general bankruptcy counsel for Debtor, Kirby Aisner & Curley, LLP ("KAC"), filed an Adversary Complaint challenging Harbor Compliance's classification of its $27,915,714 claim against Debtor as a secured claim" (the "Preference Action"). Bankr. S.D.N.Y., Adv. Pro. No. 24-04043, ECF No. 1.

5. Harbor Compliance and Debtor cross-moved for summary judgment in the Preference Action and KAC submitted all related briefing and appeared for oral argument on behalf of Debtor, following which this Court granted summary judgment in favor of Debtor ("Summary Judgment Order"). Bankr. S.D.N.Y., Adv. Pro. No. 24-04043, ECF No. 19.

6. On February 11, 2025, Debtor filed its Schedule of Creditors identifying a pre-petition claim held by Quinn Emanuel of $218,136.90 for "Legal Bills" incurred as of August 31, 2024. ECF No. 68 at 3.26.

2

7. On February 12, 2025, Harbor Compliance filed an Adversary Complaint against Debtor seeking a declaratory judgment as to the relative ownership rights in certain of the Debtors assets and monetary damages against the Debtor's insiders for their tortious conduct. Bankr. S.D.N.Y., Adv. Pro. No. 25-01032, ECF No. 1.

8. On February 28, 2025, Debtor filed a Supplemental Application to Expand the Scope of the Retention and Employment of Quinn Emanuel (the "Supplemental Application") "to include representation of it and its officers in the Harbor [Compliance] Adversary Proceeding". ECF No. 86 at ¶ 23.

9. On March 26, 2025, an Order was entered granting the Supplemental Application "[p]ursuant to Bankruptcy Code section[] 327(e)". ECF No. 109 at ¶ 2.

10. The next day, Harbor Compliance filed a Notice of Appeal from the Summary Judgment Order. Bankr. S.D.N.Y., Adv. Pro. No. 24-04043, ECF No. 22.

11. On June 6, 2025, Debtor filed the instant Application to Expand the Scope of the Retention and Employment of Quinn Emanuel to include representation on Harbor Compliance's appeal. ECF No. 146.

12. In support of its request, Debtor specifically stated that "expansion of the scope of the retention of Quinn Emanuel pursuant to Bankruptcy Code section 327(e) in accordance with this Second Supplemental Application is appropriate given the specific scope of the proposed retention, Quinn Emanuel's current representation of the Debtor and the *Court's prior determination that Quinn does not represent or hold **any** interest adverse to the Debtor*…". ECF No. 146 at ¶ 32 (emphasis added).

13. On June 16, 2025, Debtor filed a First Interim Fee Application for Quinn Emanuel seeking compensation of $946,260 and expenses of $2,496.44 (total of $948,756.44) incurred between October 1, 2024 and April 30, 2025. ECF No. 152.

## I. LIMITED OBJECTION TO DEBTOR'S APPLICATION TO EXPAND THE SCOPE OF THE RETENTION AND EMPLOYMENT OF QUINN EMANUAL

14. Section 327(e) of the Bankruptcy Code authorizes a trustee or debtor-in-possession who has obtained the court's approval to "employ, for a specified special purpose, ***other than to represent the trustee [or debtor-in-possession] in conducting the case***, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate ***with respect to the matter*** on which such attorney is to be employed." 11 U.S.C. § 327(e) (emphasis added).

15. Where a trustee or debtor-in-possession seeks appointment of general bankruptcy counsel or another professional to assist with conducting the case, Section 327(a) authorizes appointment of such "professional persons, that do not hold or represent ***an interest adverse to the estate***, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title." 11 U.S.C. § 327(a) (emphasis added).

16. Courts within and without the Second Circuit routinely refuse to authorize retention of special counsel "whose services would overlap with those customarily reserved for general bankruptcy counsel—regardless of how much familiarity with and understanding of the debtor's affairs special counsel brings to the case." *In re Roper and Twardowsky, LLC*, 566 B.R. 734, 750 (Bankr. D.N.J. 2017) (citations omitted). *See also In re Hempstead Realty Assocs.,* 34 B.R. 624, 625–26 (Bankr.S.D.N.Y.1983) (refusing to employ special counsel whose proposed services included "advice with respect to its powers and duties as debtor in possession" and assistance in "preparing a plan"); *In re Tidewater Memorial Hosp., In*c., 110 B.R. 221, 227–28

4

(Bankr.E.D.Va.1989) (holding that solicitation and negotiation of proposals for the sale or reorganization of the primary asset, including assisting the debtor with its plan of reorganization, which is the principal purpose of the Chapter 11 case, is tantamount to representing the debtor in the conduct of the case); and *American Health Care of Georgia, Inc.*, 1996 WL 33404562, at *6 (Bankr. S.D. Ga. 1996) (debtor cannot retain special counsel to handle the claim objection process).

17. Bankruptcy courts give particular attention to those situations, like here, where the proposed "special counsel" cannot meet the qualification standards for general bankruptcy counsel pursuant to Section 327(a). "Counsel who cannot meet the disinterestedness standard of § 327(a) should not be able to bypass this requirement through employment as special counsel." *In re Neuman*, 138 B.R. 683, 686 (S.D.N.Y.1992) (bankruptcy court erred by appointing special counsel to assist the trustee in determining the allowable amount of a claim because issue related to the general "conduct of the case" and firm appointed as "special counsel" was a pre-petition creditor of debtor").

18. Since Quinn Emanuel's original retention as special counsel with respect to the Third Circuit Appeal, Harbor Compliance has expressed serious concern that the Debtor's mounting legal expenses are pushing the Chapter 11 case towards administrative insolvency. Indeed, Harbor Compliance objected to the first expansion of Quinn Emanuel's retention to cover Harbor Compliance's Adversary Action based, in part, on the requested fee structure. See ECF No. 94.

19. The Debtor's decision to further Expand Quinn Emanuel's retention coupled with the filing of Quinn Emmanuel's First Interim Fee Application only heightens concern about the

5

Debtor's legal fees pushing the estate towards administrative insolvency.[1] Put differently, any request by the Debtor to expand the scope of special counsel's representation into areas traditionally reserved for general bankruptcy counsel should receive careful scrutiny. Here, Debtor now seeks to retain Quinn Emanuel in an appeal arising out of a preference action, which was successfully prosecuted by KAT. The decision to displace general bankruptcy counsel over a matter that relates directly to the conduct of this case (*see In re Hempstead Realty Assocs.,* 34 B.R. at 625–26; *American Health Care of Georgia, Inc*., 1996 WL 33404562, at *6) exceeds the scope of section 327(e) and works as a backdoor attempt to bypass the more stringent "disinterested" requirement of Section 327(a). Indeed, as a pre-petition creditor, Quinn Emanuel holds "an interest adverse to the estate" that automatically limits it scope of retention to the "limited role" reserved for section 327(e) special counsel. 11 U.S.C. § 327(a); *In re Neuman*, 138 B.R. at 686.

## II.    CONCLUSION AND RESERVATION OF RIGHTS

20.    In the interests of the estate and all creditors, and pursuant to Bankruptcy Code Section 327, Harbor Compliance objects to the Debtor's Application. In addition, Harbor Compliance reserves all of its rights with respect to fees and expenses based on all pending and subsequently filed fee applications.

[SIGNATURE PAGE FOLLOWS]

---

[1] The fact that the Debtor has made no visible progress towards filing and prosecuting a chapter 11 plan only adds to these fears.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **ROYER COOPER COHEN BRAUNFELD LLC** |
| Dated: June 20, 2025 | By: */s/ Marc Skapof*<br>Marc Skapof, Esquire<br>Royer Cooper Cohen Braunfeld LLC<br>1120 Avenue of the Americas, 4th Floor<br>New York, NY 10036-6700<br>T: (212) 994-0452; F: (484) 362-2630<br>E: mskapof@rccblaw.com<br>Matthew Faranda-Diedrich, Esquire*<br>Three Logan Square<br>1717 Arch Street, 47th Floor<br>Philadelphia, PA 19103<br>T: (215) 839-1000; F: (484) 362-2630<br>E: mfd@rccblaw.com<br>* Admitted *Pro Hac Vice*<br><br>*Attorneys for Creditor, Harbor Business Compliance Corporation* |

**ROYER COOPER COHEN BRAUNFELD LLC**
**Marc Skapof, Esquire**
**1120 Avenue of the Americas, 4th Floor**
**New York, New York 10036-6700**
**Telephone: (212) 994-0452**
**Email: mskapof@rccblaw.com**
**Matthew Faranda-Diedrich, Esquire***
**Three Logan Square**
**1717 Arch Street, 47th Floor**
**Philadelphia, PA 19103**
**Telephone: (215) 839-1000**
**Email: mfd@rccblaw.com**
**\*Admitted *Pro Hac Vice***
*Counsel to Creditor, Harbor Business Compliance Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I, Marc Skapof, do here by affirm under penalty of perjury, that I am not a party to the action and am over 18 years of age and a partner at the law firm of Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, New York 10036.

On this date, I caused to be served a true and correct copy of Creditor, Harbor Business Compliance Corporation's Limited Objection and Reservation of Rights with regard to Debtor's Application for an Order Expanding the Scope of the Retention and Employment of Quinn Emanuel Urquhart & Sullivan, directly to Chambers via Federal Express Priority Overnight and as follows:

1

*Via ECF and/or Email*

Kirby Aisner & Curley LLP
Attn: Dawn Kirby, Esq.
700 Post Road, Suite 237
Scarsdale, New York 10583

Quinn Emanuel Urquhart & Sullivan, LLP
Derek L. Shaffer
1300 I St. NW, Ste. 900
Washington, DC 20005
derekshaffer@quinnemanuel.com
Eric Winston
865 South Figueroa St., 10th Fl.
Los Angeles, CA 90014
ericwinston@quinnemanuel.com
Joseph H. Margolies
191 N. Wacker Dr., Ste. 2700
Chicago, IL 60606
josephmargolies@quinnemanuel.com

U.S. Trustee
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Date: June 20, 2025                                             */s/ Marc Skapof*
                                                                 Marc Skapof, Esquire

2