# **EXHIBIT 4**

**ROYER COOPER COHEN BRAUNFELD LLC**
Marc Hirschfield, Esquire
1120 Avenue of the Americas, 4th Floor
New York, New York 10036-6700
Telephone: (212) 994-0451
Marc Skapof, Esquire
Telephone: (212) 994-0452
Email:  mskapof@rccblaw.com
Matthew Faranda-Diedrich, Esquire*
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Telephone:  (215) 839-1000
Email:  mfd@rccblaw.com
*Admitted *Pro Hac Vice*
*Counsel to Creditor, Harbor Business Compliance Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647 |
| | : | |
| Debtor. | : | |

**JOINT STIPULATION AND AGREED ORDER
APPROVING THE CONFIDENTIALITY AGREEMENT
BETWEEN THE DEBTOR AND HARBOR COMPLIANCE**

WHEREAS, on September 25, 2024, the Debtor commenced the above-captioned Chapter 11 case (the "Chapter 11 Case") [ECF No. 1];

WHEREAS, on May 29, 2025, the Court entered an order denying the Debtor's motion seeking to extend its exclusive periods pursuant to 11 U.S.C. § 1121(d)(1) [ECF No. 142];

WHEREAS, Harbor Business Compliance Corporation ("Harbor Compliance") has substantially drafted, and intends to imminently file, its own plan of reorganization of the Debtor ("Harbor Compliance Plan");

WHEREAS, Harbor Compliance requested access to the Debtor's book and records, including certain financial information of the Debtor, in order to more accurately formulate the Harbor Compliance Plan;

WHEREAS, specifically, Harbor Compliance is seeking <ins>and Debtor has agreed to produce</ins> a <del>complete</del> download of <ins>all of</ins> the Debtor's financial records <ins>that are produced by</ins> <del>accessible as stored in their</del><ins>its</ins> bookkeeping system <ins>identified as XERO general ledger (.txt);</ins> <del>(believed to be Xero);</del>

<del>WHEREAS, this download should include, but is not limited to, P&L statements, balance sheets, general ledger, trial balance, bank reconciliation reports and any relevant attachments or source documents as well as any subledgers tracked in Excel or comparable program;</del>

WHEREAS, the Debtor has agreed to provide such information to Harbor Compliance subject to a confidentiality agreement negotiated by and between the Debtor and Harbor Compliance; and

WHEREAS, to effectuate this agreement, the Parties have filed with the Court this *Joint Stipulation and Agreed Order Approving the Confidentiality Agreement between the Debtor and Harbor Compliance* (the "Stipulation"), seeking entry of this Stipulation and Order.

**Based on the foregoing, the Parties hereby stipulate and agree that**:

A. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2). The Parties have confirmed their consent to the entry of a final order or judgment by the Court if it is determined that the Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Venue in this district is

proper under 28 U.S.C. §§ 1408 and 1409;

B.  The Court has authority pursuant to Federal Rule of Bankruptcy Procedure 2004 to order the production of documents by Debtor relevant to Harbor Compliance's formulation of a plan of reorganization;

C.  The information identified squarely falls within the ambit of Federal Rule of Bankruptcy Procedure 2004 and is properly within the scope of Harbor Compliance's permissible examination of the Debtor pursuant to Federal Rule of Bankruptcy Procedure 2004, which may contain commercially sensitive data;

D.  The confidentiality agreement included in <u>Exhibit A</u> balances the Debtor's legitimate privacy concerns against the needs of Harbor Compliance and its advisors to access the information;

E.  Any information exchanged pursuant to this order shall be subject to the confidentiality agreement set forth in <u>Exhibit A</u>; and

F.  Due and proper notice of this Stipulation has been given, and no other or further notice is necessary or required.

Based on the foregoing,

**IT IS HEREBY ORDERED THAT:**

1.  This Stipulation and Order is SO-ORDERED as set forth herein.

2.  The Parties are authorized to take all actions necessary or appropriate to carry out this Stipulation and Order.

3.  **Nothing contained herein shall limit Harbor Compliance's right to seek the further production of documents pursuant to Federal Rule of Bankruptcy Procedure 2004 or the Debtor's right to object thereto.**

~~3.~~4.  This Court shall retain exclusive jurisdiction over the terms of this Stipulation and

Order and the confidentiality agreement in <u>Exhibit A</u>.

**STIPULATED AND AGREED TO BY:**

| | |
|---|---|
| _____ | _____ |
| Dawn Kirby, Esquire | Marc Hirschfield, Esquire |
| Kirby Aisner & Curley, LLP | 1120 Avenue of the Americas, 4th Floor |
| 700 Post Road | New York, New York 10036-6700 |
| Suite 237 | Telephone: (212) 994-0451 |
| Scarsdale, NY 10583 | Marc Skapof, Esquire |
| T: 914-401-9500 | Telephone: (212) 994-0452 |
| E: dkirby@kacllp.com | Email: mskapof@rccblaw.com |
| Dana Brescia, Esquire | Matthew Faranda-Diedrich, Esquire* |
| E: dbrescia@kacllp.com | Three Logan Square |
| | 1717 Arch Street, Suite 4700 |
| *Attorneys for Debtor, Firstbase.io, Inc.* | Philadelphia, PA 19103 |
| | T: (215) 839-1000; F: (484) 362-2630 |
| | E: mfd@rccblaw.com |
| | * Admitted *Pro Hac Vice* |
| | |
| | *Attorneys for Creditor, Harbor Business Compliance Corporation* |

**SO ORDERED:**

New York, New York                                   _____
Dated: July __, 2025                                 THE HONORABLE LISA J. BECKERMAN

# **EXHIBIT A**