KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Dawn Kirby, Esq.
dkirby@kacllp.com
Dana Brescia, Esq.
dbrescia@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

    FIRSTBASE.IO, INC.

                    Debtor.

Chapter 11
Case No. 24-11647 (LGB)

-----------------------------------------------------------X

### DEBTOR'S LIMITED OBJECTION TO HARBOR BUSINESS COMPLIANCE CORPORATION'S EMERGENCY *EX PARTE* MOTION FOR A THIRD RULE 2004 ORDER

      Firstbase.io, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor" or "Firstbase"), by its attorneys, Kirby Aisner & Curley LLP, hereby submits this limited objection to the Emergency *Ex Parte* Motion (the "Motion") of Harbor Business Compliance Corporation ("Harbor") for a Third Rule 2004 Order. The Debtor respectfully represents as follows:

      1.     While Debtor is committed to cooperating in good faith and producing the information necessary to assist Harbor in formulating its plan of reorganization (the "Data"), such information may include personally identifiable information of the Debtor's customers, partners, and employees ("PII"). Furthermore, the Data should only be authorized for use in conjunction with Harbor's stated purpose, to prepare its plan of reorganization.

      2.     Only after the parties reached agreement as to the terms of the proposed Stipulation and Confidentiality Agreement, but *before* execution thereof, did the Debtor learn the full extent and nature of

the Data to be turned over. This realization came when the Debtor performed a download of the data in the format that had been discussed with Harbor—which the Debtor never performed previously. Debtor advises the Data contains thousands upon thousands of entries, a sample of which contains PII, including of its customers, partners and employees.

3. Considering Harbor is not only a creditor, but holds competitive interests to those of the Debtor, sharing the Data with virtually every individual associated with Harbor, including officers, directors and employees, is an overreach which should not be allowed. Even considering that certain ethical obligations may exist or be agreed upon, those protections are only sufficient if the parties bound by such obligations abide by them. Given the acrimonious relationship between the parties, the Debtor's interests from potential future harm are only protected if exposure to the Data is limited to those individuals wherein disclosure is absolutely necessary and only for the specific purpose of proposing its plan of reorganization.

4. It should be noted that this Court and Harbor have taken notice of the sensitivity of PII in the past, as PII has been excluded from the information directed to be produced by Debtor to Harbor in previous 2004 Orders issued by this Court and/or subject to Attorneys Eyes Only protection via subsequent stipulations between the parties.

5. Harbor has attempted to justify its overbroad request for production—along with the unnecessary exposure of PII to individuals who have no legitimate need to review it—by asserting such information is necessary to complete the formulation of its plan of reorganization. The Court should see through this misplaced narrative. Harbor already possesses the Debtor's cash flow statements, balance sheets, bank statements, income statements for the requested period, and even all customer level data (excluding only the documents that contain PII) including subscriptions, start and renewal data and much more – core financial documents sufficient for the stated purpose of preparing

a plan. Yet Harbor now seeks production of additional materials that are, at best, tangential to that task and, at worst, a vehicle for fishing expeditions into unrelated matters. Furthermore, Harbor has in fact, just filed its proposed disclosure statement and plan with this Court – raising serious questions about the legitimacy of Harbor's request and its intended purpose.

6. The Debtor has not opposed production of the requested data in the proposed format (although it remains unclear how such information could be necessary to "formulate a plan"), but has merely proposed narrow edits to the protective language to ensure that sensitive information is disclosed only to those who genuinely require it and that the production is used solely for the stated purpose. The Debtor also remains open to producing alternative documents that would serve that purpose without including PII. While such alternative production may also require protective measures—such as an "attorney's eyes only" designation—the restrictions may not need to be as narrow as those proposed by the Debtor for the current request (which necessarily involves sensitive personal information) if the produced information does not involve PII.

7. And while the Debtor regrets that the parties were unable to reach an agreement absent this Court's intervention, the Debtor assures this Court that its intent is not to delay, hinder or restrict Harbor's progress in moving forward with its plan or reorganization, but rather to protect the interests of the Debtor from potential future harm.

Dated: Scarsdale, New York
      August 11, 2025

                                    KIRBY AISNER & CURLEY LLP
                                    *Attorneys for the Debtor*

                                    By: */s/ Dana P. Brescia*
                                          Dana P. Brescia