KIRBY AISNER & CURLEY LLP
*Attorneys for the Debtor*
700 Post Road, Suite 237
Scarsdale, New York 10583
Tel: (914) 401-9500
Dawn Kirby, Esq.
dkirby@kacllp.com
Dana Brescia, Esq.
dbrescia@kacllp.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

    FIRSTBASE.IO, INC.

                            Debtor.
-----------------------------------------------------------X

                             Chapter 11
                             Case No. 24-11647 (LGB)

## DEBTOR'S OBJECTION TO HARBOR BUSINESS COMPLIANCE CORPORATION'S FOURTH APPLICATION FOR EX PARTE RELIEF FOR RULE 2004 ORDER

Firstbase.io, Inc., the above-captioned debtor and debtor-in-possession (the "Debtor"), by its attorneys, Kirby Aisner & Curley LLP, submits this objection to the Fourth Application (the "Application") of Harbor Business Compliance Corporation ("Harbor") for *ex parte* relief for Rule 2004 Order. The Debtor respectfully represents as follows:

1. Harbor cannot demonstrate that "good cause" exists which is Harbor's burden. *See, In re Millennium Lab Holdings II, LLC,* 562 B.R. 614, 629 (Bankr. D. Del. 2016). Good cause can be demonstrated "if the [Rule 2004] examination is necessary to establish the claim of the party seeking the examination, [but not] if denial of such request would cause the examiner undue hardship or injustice." *In re Metiom, Inc.,* 318 B.R. 263, 268 (S.D.N.Y. 2004). *See also, In re Drexel Burnham Lambert Grp., Inc.,* 123 B.R. 702, 712 (Bankr. S.D.N.Y. 1991) stating, ("Rule 2004 requires that we balance the competing interests of the parties, weighing the relevance of and necessity of the information sought by

examination."). Hence, Rule 2004 is not boundless. Courts do not permit unfettered "fishing expedition[s]." *In re SunEdison, Inc.,* 562 B.R. 243, 250-51 (Bankr. S.D.N.Y. 2017) (recognizing that Rule 2004 requests should be proportional to the claim at issue). If discovery is unduly intrusive, burdensome, or sought to abuse or harass, courts favor denial of a Rule 2004 request. *See, Martin v. Schaap Moving Systems*, 152 F.3d 919, 1998 WL 405966 (2d Cir. April 20, 1998).

2. Harbor has made repeated efforts to expand the scope of a Rule 2004 examination by bringing multiple applications before this Court. Despite Harbor's allegations, the Debtor has acted in good faith in accommodating these prior demands which includes detailed disclosures requiring almost daily production and response. The Debtor respectfully submits there needs to be a reasonable limit to Harbor's demands.

3. The Debtor is not exaggerating when it claims that Harbor has consistently requested multiple production of documents under its three previous applications and through subsequent follow-ups. To provide the Court with an overview of Harbor's request, Harbor's requests for documentation under this case dates back to January 28, 2025 which was followed by its First Rule 2004 Application requesting financial reports for the last 2-3 years, customer data, transaction reports etc. filed on February 11, 2025 ("First Application", ECF No. 69) pursuant to which all relevant documentation along with a deposition of Debtor's principals Mr. Mark Milastisivy and Mr. Filipe Senna lasting over 8 hours was conducted.

4. Following the First Application, Harbor made additional requests and clarification which were duly addressed by the Debtor's counsel.

5. On June 30, 2025, Harbor filed its Second Rule 2004 Application (ECF No. 160) requesting additional set of document production which the Debtor duly complied with notwithstanding the fact that it had to specially generate documents in specific formats for Harbor but it did so anyway for

the sake of compliance.

6. On August 8, 2025, Harbor filed its Third Rule 2004 Application (ECF No. 175) where Harbor continued to accuse the Debtor of 'shirking' its obligations under the previous Rule 2004 order despite the Debtor's constant efforts to fulfil all 'self-proclaimed urgent requests'. The Debtor complied with Harbor's allegedly 'urgent' requests. Nevertheless, Harbor further requested additional documentations including a weekly Xero File access and a weekly report of accrued fees for the Debtor's counsel. To the extent possible, the Debtor reasonably agreed to provide weekly professional fee accruals subject to adjustment and further court order approving the same. However, the Debtor objected to the weekly Xero File access on account of inaccurate reporting following which Harbor requested a Status Conference on September 22, 2025 (ECF No. 199).

7. At the Status Conference the Court authorized production of the unreconciled Xero reports acknowledging that it would not be accurate until reconciled and clearly denied Harbor's new demand for weekly reports from Stripe "Okay, In fairness, this wasn't part of what my order required. My order only requires the Xero report. So, I hear what your are So, I hear what you're asking for but it's not what's required. They are required to give you the Xero 15 file and I think asking for a weekly is fine. You understand it's not perfect, and you're not really going to get the answers to your questions but once a 18 month once they've done the reconciliation so that's just what it is. Imperfection but you've been having to deal with that for all the months leading up to this. (Status Conference Transcript, Pg 14, lines 11 through 20).

8. Now, post Status Conference, Harbor has bought another Application requesting a weekly Stripe balancing report which has already been overruled by the court.

9. Harbor's requests are relentlessly continuing and on-going and require almost daily extensive productions and communications. Further, as the Debtor has previously explained to Harbor, a

3

weekly Stripe report will not advance the reconciliation process in any meaningful way. In its Application, Harbor submits that it will reconcile the Debtor's finances on a weekly basis using the Xero File and the Stripe Reports (¶12, Application). However, taken in isolation, or even when combined with the Xero files, the Stripe report cannot generate an accurate reconciliation unless done on a monthly basis which the Debtor already does in its monthly operating reports. The request defeats the purpose of the Rule 2004 as such endless round of requests will not materially advance the administration of the Debtor's estate and are certainly overburdensome to the Debtor. Hence, the request is disproportionate and unnecessary, serving only discovery obligations without producing useful results.

10. Harbor has wholly failed to demonstrate how its multiple requests are not unreasonable, overbroad or unduly burdensome, or otherwise establish "good cause" sufficient to pursue the requested discovery under Rule 2004. Harbor has failed to establish how it will be able to generate an accurate useable weekly reconciliation with incomplete reports. For these reasons, the Court should deny the Application.

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order denying Harbor's Application.

Dated: Scarsdale, New York
      September 26, 2025

                                    KIRBY AISNER & CURLEY LLP
                                    *Attorneys for the Debtor*
                                    700 Post Road, Suite 237
                                    Scarsdale, New York 10583
                                    Tel: (914) 401-9500

                                    By: */s/ Dana P. Brescia*
                                          Dana P. Brescia