Dawn Kirby, Esq.
Dana Brescia, Esq.
KIRBY AISNER & CURLEY LLP
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: 914-401-9500
Email: dkirby@kacllp.com
Email: dbrescia@kacllp.com

David A. Rodkey, Esq.
DILWORTH PAXSON LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
drodkey@dilworthlaw.com
Tel: 215-575-7000
Fax: 215-754-4603

*Counsel to the Debtors*

*Special Litigation Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| FIRSTBASE.IO, INC. | § | Case No. 24-11647 (LGB) |
| | § | |
| Debtor. | § | |

## SECOND INTERIM FEE APPLICATION OF DILWORTH PAXSON LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL LITIGATION COUNSEL FOR THE PERIOD MAY 1, 2025, THROUGH AUGUST 31, 2025

| Basic Information | |
|---|---|
| Name of Applicant: | Dilworth Paxson LLP |
| Name of Client: | Firstbase.io, Inc. |
| Petition Date: | September 25, 2024 |
| Date of Order Approving Employment and Retention: | December 2, 2024, effective as of September 25, 2024 |
| **This Interim Application** | |
| Time Period Covered: | May 1, 2025, through August 31, 2025 |
| Total Hours Billed | 36.20 |
| Total Fees Requested: | $16,804.00 |
| Total Expenses Requested | $0.00 |
| Total Fees and Expenses Requested: | $16,804.00 |
| Blended Rate for Attorneys: | 503.43 |
| Blended Rate for All Timekeepers: | 464.19 |
| Rate Increases Not Previously Approved or Disclosed: | N/A |
| Total Professionals: (includes law clerk) | 5 |
| Total Professionals Billing Less than 15 Hours | 4 |
| **Historical** | |
| Fees Approved to Date: | $24,000.50 |

| | |
|---|---|
| Expenses Approved to Date: | $0.00 |
| Total Fees and Expenses Approved to Date: | $24,000.50 |
| Approved Amounts Paid to Date: | $4,008.28 |
| Fees Paid Pursuant to Monthly Statements, Not Yet Allowed: | No Monthly Fee Statements Filed |
| Expenses Paid Pursuant to Monthly Statements, Not Yet Allowed: | No Monthly Fee Statements Filed |
| **Related Information and Case Status** | |
| This is an interim application. | |
| | |

#125219625v1

Dawn Kirby, Esq.
Dana Brescia, Esq.
KIRBY AISNER & CURLEY LLP
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: 914-401-9500
Email: dkirby@kacllp.com
Email: dbrescia@kacllp.com

*Counsel to the Debtors*

David A. Rodkey, Esq.
DILWORTH PAXSON LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
drodkey@dilworthlaw.com
Tel: 215-575-7000
Fax: 215-754-4603

*Special Litigation Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| FIRSTBASE.IO, INC. | § | Case No. 24-11647 (LGB) |
| | § | |
| Debtor. | § | |

**SECOND INTERIM FEE APPLICATION OF
DILWORTH PAXSON LLP FOR ALLOWANCE
OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
INCURRED AS SPECIAL LITIGATION COUNSEL FOR THE
PERIOD MAY 1, 2025, THROUGH AUGUST 31, 2025**

COMES NOW, Dilworth Paxson LLP ("Dilworth") and files its Second Interim Fee

Application for Allowance of Compensation and Reimbursement of Expenses incurred as Special

Litigation Counsel for the Period May 1, 2025, through August 31, 2025 (the "Application"),

pursuant to sections 330 and 331 of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§

101-1532 (as amended, the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Southern

District of New York (the "Local Bankruptcy Rules"), the Amended Guidelines for Fees and

Disbursements for Professionals in Southern District of New York Bankruptcy Cases, dated

January 29, 2013 (the "Local Guidelines"), and the United States Trustee Appendix B Guidelines

for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases, effective November 1, 2013 (the "U.S. Trustee Guidelines" and, together with the Local Guidelines, the "Guidelines") and states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

2.      The basis for the relief requested herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016, and Local Bankruptcy Rule 2016-1(a).

## BACKGROUND

3.      On September 25, 2024, Firstbase.io, Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

4.      The Debtor continues to operate its business as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      Additional information regarding the Debtor's business, capital structure and circumstances leading to the filing of the Chapter 11 Case is set forth in the Declaration of Mark Milastsivy Pursuant to Local Bankruptcy Rule 1007-2 and 9077-1 in Support of an Order Scheduling Hearing on Shortened Notice and the Relief Sought in First Day Motions (the "Milastsivy Declaration") (ECF No. 5).

## RETENTION OF DILWORTH

6.      On October 31, 2024, the Debtor filed an Application for Entry of an Order Authorizing Retention and Employment of Quinn Emanuel Urquhart & Sullivan, LLP and Dilworth Paxson LLP as Special Litigation Counsel Pursuant to Bankruptcy Code Sections 327(e), 328(a), and 1107(b), *Nunc Pro Tunc* to the Petition Date (the "Retention Application") (ECF No.

2

30).  On December 2, 2024, the Debtor filed a Supplemental Declaration of David Rodkey, Esq. in Support of the Application for Entry of an Order Authorizing Retention and Employment of Dilworth Paxson LLP as Special Litigation Counsel Pursuant to Bankruptcy Code Sections 327(e), 328(a), and 1107(b), *Nunc Pro Tunc* to the Petition Date (the "Supplemental Rodkey Declaration") (ECF No. 44).  On December 2, 2024, the order approving the Retention Application (the "Retention Order") was entered.  *See* ECF No. 45.

7.    On February 28, 2025, the Debtor filed a Supplemental Application for Entry of Orders (I) Expanding the Scope of Quinn Emanuel Urquhart & Sullivan, LLP's and Dilworth Paxson LLP's Retention and Employment and (II) Altering the Fee Arrangement between Debtor and Quinn Emanuel (the "Supplemental Application") (ECF No. 86).  On March 26, 2025, an order was entered granting the Supplemental Application (the "Supplemental Application Order") (ECF No. 109).

## COMPENSATION PAID AND ITS SOURCE

8.    All services performed from May 1, 2025, through August 31, 2025 (the "Application Period") were for or on behalf of the Debtor.  Except as provided in this Application, Dilworth has not received any payment or promises of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with matters covered by this Application.  A declaration confirming Dilworth's compliance with the Guidelines is attached hereto as Exhibit A.

9.    To the extent that billable time or disbursement charges for services rendered or expenses incurred relate to the Application Period but were not processed prior to the preparation of this Application, Dilworth reserves the right to request compensation for such services and reimbursement of such expenses in a future fee application.

#125218845v1

10.    The professional services rendered by Dilworth partners, counsel, associates, and paraprofessionals were rendered on behalf of the Debtors.

## **BILLING HISTORY**

11.    On June 16, 2025, Dilworth filed its first interim application for professional compensation and reimbursement of expenses for the period of September 25, 2024, through April 30, 2025 ("First Interim Application", ECF No. 153). The Court approved the First Interim Application pursuant to Order dated July 14, 2025 ("First Interim Fee Order", ECF No. 168) allowing professional fees to Dilworth in the amount of $24,000.50 and reimbursement of expenses incurred by Dilworth in the amount of $0.00. Dilworth received the sum of $4,008.28 from Debtor's counsel which has been applied against the fees awarded in the First Interim Fee Order.

12.    Dilworth maintains detailed time records of services rendered by its professionals and paraprofessionals. Copies of the time records are attached hereto as Exhibit F.

## **RELIEF REQUESTED**

13.    By this Application, Dilworth requests the entry of an order granting the second interim allowance of (i) compensation for the actual, reasonable, and necessary professional services that Dilworth has rendered to the Debtor in the amount of $16,804.00 and (ii) the actual reasonable, and necessary out-of-pocket expenses incurred in representing the Debtor in the amount of $0.00.

14.    In accordance with the Guidelines, the following exhibits are attached to this Application:

a.    Exhibit A is the Rodkey Declaration.

b.    Exhibit B is a schedule of the number of hours billed by partners, associates, and paraprofessionals during the Application Period with respect to each of the subject matter categories Dilworth has established in accordance with

4

its internal billing procedures.  Dilworth attorneys and paraprofessionals billed a total of 36.20 hours in connection with this case during the Application Period.

c.      Exhibit C is a schedule providing certain information regarding Dilworth attorneys and paraprofessionals for whose work compensation is sought in this Application, including position, level of experience, hourly rate, total hours spent working in these cases during the Application Period, and amount of compensation sought on account thereof.

d.      Exhibit D contains a disclosure of "customary and comparable compensation" charged Dilworth's professionals and paraprofessionals, including a summary of the blended rates of the applicable timekeepers as compared to the blended hourly rates for similar non-bankruptcy timekeepers in Dilworth's U.S. offices.

e.      Exhibit E contains Dilworth's budget and staffing plan for this Chapter 11 Case during the Application Period.

f.      Exhibit F is comprised of Dilworth's invoice for the Application Period.

## SUMMARY OF LEGAL SERVICES RENDERED AND EXPENSES INCURRED

15.      To provide a meaningful summary of Dilworth's services rendered on behalf of the Debtors and their estates in these cases, Dilworth has established, in accordance with its internal billing procedures, certain subject matter categories tailored to these cases.  The following is a summary of professional services rendered for the subject matter categories during the Application Period.

a.      01-Case Administration: During the Application Period, Dilworth billed 3.20 hours and $1,358.00 in fees to this matter.  This category includes telephone conversations with client and co-counsel to discuss bankruptcy and reviewing the Pacer docket and related filings.

b.      02-Retention Applications: During the Application Period, Dilworth billed .80 hours and $280.00 in fees to this matter.  This category includes preparing entry of appearance forms for the Third Circuit Appeal.

c.      03-Litigation: During the Application Period, Dilworth billed 23.10 hours and $11,892.00 in fees to this matter.  This category includes reviewing trial transcripts and emails related to API use issues, communicating with co-counsel regarding strategy, and preparing for and attending the Third Circuit oral argument.

#125218845v1

      d.      04-Fee Applications: During the Application Period, Dilworth billed 9.10 hours and $3,274.00 in fees to this matter. This category includes drafting, revising and finalizing Dilworth's First Interim Fee Application.

16.     Dilworth did not incur any expenses during the Application Period.

## BASIS FOR RELIEF

17.     Section 331 of the Bankruptcy Code for interim compensation for services rendered and reimbursement of expenses in chapter 11 cases and incorporates the substantive standards of section 330 to govern the award of such compensation.

> Any professional person . . . may apply to the court not more than once every 120 days after an order for relief in a case under this title, or more often if the court permits, for such compensation for services rendered . . . or for reimbursement for expenses . . . as is provided under section 330 of this title.

11 U.S.C. § 331.

18.     With respect to the level of compensation, section 330(a)(1)(A) of the Bankruptcy Code provides, in pertinent part, that the Court may award to a professional person "reasonable compensation for actual, necessary services rendered[.]" Section 330(a)(3), in turn provides that:

> In determining the amount of reasonable compensation to be awarded to . . . [a] professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (A)    the time spent on such services;
>
> (B)    the rates charged for such services;
>
> (C)    whether the services were necessary to the administration of, or beneficial at the time which the service was rendered toward the completion of, a case under this title;
>
> (D)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

6

(E)     with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and

(F)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

19.     Dilworth respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, necessary for and beneficial to the Debtor and its estate. Dilworth performed the services for the Debtor efficiently and effectively and in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Guidelines. Dilworth further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of the services rendered.

20.     During the Application Period, Dilworth's hourly rates for attorneys ranged from $380.00 to $1,275. These hourly rates and the rate structure are equivalent to the hourly rates and corresponding rate structure used by Dilworth not only for restructuring, workout, bankruptcy, insolvency, and comparable matters, but also for other complex corporate, securities, and litigation matters, whether in-court or otherwise, regardless of whether a fee application is required. Dilworth strives to be efficient in the staffing of all its matters.

21.     Moreover, Dilworth's hourly rates are set at a level designed to compensate Dilworth fairly for the work of its attorneys and paraprofessionals and to cover certain fixed overhead expenses. Hourly rates vary with the experience and seniority of each individual performing a particular service. These hourly rates are subject to yearly adjustments to reflect economic and other conditions and are consistent with the rates charged by comparable firms. Dilworth did not sustain a rate increase during the Application Period.

22.     In sum, Dilworth respectfully submits that the professional services provided by its

#125218845v1

attorneys and paraprofessionals on behalf of the Debtor during the Application Period were necessary and appropriate given the relevant factors set forth in section 330 of the Bankruptcy Code, i.e., the time expended, the nature and extent of the services provided, the value of such services, and the cost of comparable services outside of bankruptcy. Accordingly, Dilworth respectfully submits that approval of the compensation and reimbursement of expenses sought herein is warranted.

## RESERVATION OF RIGHTS

23.     Although every effort has been made to include all fees and expenses incurred during the Application Period, some fees and expenses might not be included in this Application due to delays in connection with accounting and processing of such time and expenses. Accordingly, Dilworth reserves the right to make further application to this Court for the allowance of additional fees and expenses incurred during the Application Period that are not included herein.

## NO PRIOR REQUEST

24.     No prior application for relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, Dilworth respectfully requests that the Court enter an order (i) allowing on an interim basis (a) compensation in the amount of $16,804.00 for reasonable and necessary professional services rendered to the Debtor and (b) $0.00 for reimbursement of actual and necessary costs and expenses incurred by Dilworth for a total of $16,804.00 and (iii) granting such other relief as the Court deems proper and just.

8

Respectfully submitted this 29th day of September, 2025.

KIRBY AISNER & CURLEY LLP

*/s/ Dawn Kirby*
Dawn Kirby (NY Bar 2733004)
Dana Brescia (NY Bar 3936697)
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: 914-401-9500
Email: dkirby@kacllp.com
Email: dbrescia@kacllp.com

Attorneys to the Debtor

-and-

David A. Rodkey, Esq.
DILWORTH PAXSON LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
drodkey@dilworthlaw.com
Tel: 215-575-7000
Fax: 215-754-4603


Special Counsel to the Debtor

#125218845v1

## **Exhibit A**

Declaration of David A. Rodkey

Dawn Kirby
Dana Brescia
KIRBY AISNER & CURLEY LLP
700 Post Road, Suite 237
Scarsdale, New York 10583
Telephone: 914-401-9500
Email: dkirby@kacllp.com
Email: dbrescia@kacllp.com
*Counsel to the Debtors*

David A. Rodkey, Esq.
DILWORTH PAXSON LLP
1650 Market Street, Suite 1200
Philadelphia, PA 19103
drodkey@dilworthlaw.com
Tel: 215-575-7000
Fax: 215-754-4603
*Special Litigation Counsel to the Debtors*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | § | |
| | § | Chapter 11 |
| FIRSTBASE.IO, INC. | § | Case No. 24-11647 (LGB) |
| | § | |
| Debtor. | § | |

### DECLARATION OF DAVID A. RODKEY IN SUPPORT OF THE SECOND FEE APPLICATION OF DILWORTH PAXSON LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL LITIGATION COUNSEL FOR THE PERIOD MAY 1, 2025, THROUGH AUGUST 31, 2025

1.      I am a partner at Dilworth Paxson LLP ("Dilworth"), special litigation counsel to the above-captioned debtor (the "Debtor"). I am admitted to the State Bars of Pennsylvania and New Jersey. I am familiar with the work performed on behalf of the Debtors by Dilworth.

2.      I have read the Second Fee Application of Dilworth for Allowance of Compensation and Reimbursement of Expenses Incurred as Special Litigation Counsel for the Period May 1, 2025, through August 31, 2025 (the "Application"). To the best of my knowledge, information, and belief, the statements contained in the Application are true and correct and comply in material part with Local Rule 2016-1(a) and the Local Guidelines.

3.      In accordance with the Local Guidelines, I certify that:

a.      I have read the Application;

b.      To the best of my knowledge, information, and belief formed after reasonable inquiry, the fees and disbursements sought fall within the Local Guidelines;

c.      The fees and disbursements sought are billed at rates in accordance with those customarily charged by Dilworth and generally accepted by Dilworth's clients; and

d.      In providing a reimbursable service, Dilworth does not make a profit on that service, whether the service is performed by Dilworth in-house or through a third-party.

4.      Dilworth responds to the questions identified in the U.S. Guidelines as follows:

**Question:**    Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period?  If so, please explain.

Response:    No, there were no variations.

**Question:**    If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

Response:    Not applicable.

**Question:**    Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case?

Response:    No.

**Question:**    Does this fee application include time or fees related to reviewing the time records or preparing, reviewing, or revising invoices?  (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application.).  If so, please quantify by hours and fees.

Response:    No.

**Question:**    Does the Application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify hours and fees.

#125219621v1

Response:      No.

5.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
is true and correct to the best of my knowledge and belief.

Dated:  September 25, 2025

/s/ David A. Rodkey

_____
David A. Rodkey

## EXHIBIT B

### Summary of Fees by Subject Matter

| Task Code | Project Category | Total Hours Billed | Amounts |
|-----------|------------------|--------------------|---------|
| 01 | Case Administration | 3.20 | $1,358.00 |
| 02 | Retention Application | .80 | $280.00 |
| 03 | Litigation | 23.10 | $11,892.00 |
| 04 | Fee Application | 9.10 | $3,274.00 |
| Total | | 36.20 | $16,804.00 |

## **EXHIBIT C**

### **Attorneys and Paraprofessionals Information**

| Name | Position | Year Admitted to the Bar | Hourly Rate | Total Hours Billed | Total Fees Incurred |
|---|---|---|---|---|---|
| James J. Rodgers | Partner | 1975 | $725.00 | 6.20 | $4,495.00 |
| David A. Rodkey | Partner | 2018 | $460.00 | 17.70 | $8,142.00 |
| Matthew T. Gardella | Associate | 2022 | $380.00 | 4.90 | $1,862.00 |
| Catherine T. Morton | Paralegal | | $350.00 | 1.70 | $595.00 |
| Miriam Dolan | Paralegal | | $300.00 | 5.70 | $1,710.00 |
| Total | | | | | $16,804.00 |

## EXHIBIT D

**Customary and Comparable Compensation**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | Billed or Collected (Firm or offices for this year) | Billed (in this Interim Fee Application) |
| Partner | $659.00 | $528.74 |
| Associates | $432.00 | $380.00 |
| Paraprofessionals | $262.00 | $311.48 |
| All Timekeepers Aggregate | $542.64 | $464.19 |

## <u>EXHIBIT E</u>

### Dilworth Paxson LLP Budget and Staffing Plan

Dilworth Paxson LLP does not have a budget or staffing plan in this Chapter 11 Case.  Dilworth Paxson LLP continues to work with the Debtor to ensure efficient and cost-effective service to the Debtor's estate.

## EXHIBIT F

**Monthly Invoices**



1650 Market Street
Suite 1200
Philadelphia, PA 19103-7301

| **Payment Remittance Address Only. Do Not Include any Correspondence.** | |
|---|---|
| <u>USPS Mailing Address:</u><br>Dilworth Paxson LLP<br>PO Box 825921<br>Philadelphia, PA 19182-5921 | <u>Overnight Courier Address:</u><br>PNC Bank c/o Dilworth Paxson LLP<br>Lockbox Number 825921<br>525 Fellowship Rd., Suite 330<br>Mt. Laurel, NJ 08054-3415 |

Mark Milastsivy

Firstbase.Io, Inc.

26 Mercer Street

New York, NY 10013

| | |
|---|---|
| Invoice Number | 632137 |
| Invoice Date | 09/23/25 |
| Due Date | 10/23/25 |
| Client Number | 037298 |
| Matter Number | 000002 |

Re:   Special Bankruptcy Counsel Litigation

For Professional Services Rendered and Costs Advanced Through August 31, 2025

| <u>Date</u> | <u>Tkpr</u> | | <u>Hours</u> | <u>Value</u> |
|---|---|---|---|---|
| 05/06/25 | CTM | Confirm entrance of attorney Gardella with the Third Circuit Appeals Court | 0.20 | 70.00 |
| 05/06/25 | CTM | Draft, finalize and file appearance of attorney Gardella with the Third Circuit Appeals Court | 0.60 | 210.00 |
| 05/12/25 | DAR | Numerous calls and emails with QE re: logistics of argument and views on the panel | 0.50 | 230.00 |
| 05/12/25 | DAR | Review oral argument order | 0.10 | 46.00 |
| 05/12/25 | DAR | Review HC's motion to seal | 0.90 | 414.00 |
| 05/12/25 | JJR | Emails re: appellate argument | 0.40 | 290.00 |
| 05/12/25 | MTG | Emails with co counsel re: upcoming argument date, motion to seal | 0.20 | 76.00 |
| 05/19/25 | CTM | Assist counsel with preparation for upcoming oral argument | 0.30 | 105.00 |
| 05/19/25 | CTM | Retrieve filings from appeals court re: upcoming oral argument | 0.20 | 70.00 |
| 05/22/25 | DAR | Review trial transcript and located documents requested by QE | 1.20 | 552.00 |

If you have a question regarding this invoice or your account, or if you wish to pay electronically, with a credit card or via overnight mail (UPS, FedEx, etc.), please contact the Accounts Receivable Dept. at 215-575-7107 or 215-575-7048.

037298  Firstbase.I.O, Inc.                                                    Invoice          632137
000002  Special Bankruptcy Counsel Litigation                                                   Page 2
09/23/25

| Date | Tkpr | | Hours | Value |
|------|------|---|-------|-------|
| 05/23/25 | DAR | Review historic emails to find information on API use | 1.80 | 828.00 |
| 05/23/25 | DAR | Email pertinent emails with explanations to QE | 0.30 | 138.00 |
| 05/23/25 | DAR | Call with Waldbusser re: API use issue | 0.40 | 184.00 |
| 05/30/25 | DAR | Review historic emails to find information on API use | 1.80 | 828.00 |
| 05/30/25 | DAR | Email pertinent emails with explanations to QE | 0.30 | 138.00 |
| 05/30/25 | DAR | Call with Waldbusser re: API use issue | 0.40 | 184.00 |
| 05/30/25 | JJR | Emails  with Rodkey and Margolies re: emails | 0.30 | 217.50 |
| 05/30/25 | JJR | Search of emails re: access to API | 0.70 | 507.50 |
| 05/30/25 | MTG | Telephone Call with Rodkey re: July 2023 emails about magistrate letter | 0.20 | 76.00 |
| 05/30/25 | MTG | Review trial transcripts related to July 2023 emails | 0.20 | 76.00 |
| 06/01/25 | JJR | Emails with Margolies and Rodkey preparatory to argument | 0.30 | 217.50 |
| 06/02/25 | DAR | Review archived emails and correspondences to prepare argument response | 0.90 | 414.00 |
| 06/02/25 | DAR | Work with QE to prepare Third Circuit argument | 2.30 | 1,058.00 |
| 06/02/25 | JJR | Emails re: API access issue; conference with Joe, Dave and Dave | 1.50 | 1,087.50 |
| 06/02/25 | MTG | Confer with Rodkey, Joe. M re: preparation for 3d Cir. Argument | 0.40 | 152.00 |
| 06/03/25 | DAR | Attend Third Circuit argument | 2.90 | 1,334.00 |
| 06/03/25 | JJR | Attend Third Circuit argument | 3.00 | 2,175.00 |
| 06/03/25 | MTG | Walk to and from Third Circuit Court | 0.50 | 190.00 |
| 06/03/25 | MTG | Attend 3d Circuit argument | 3.00 | 1,140.00 |
| 06/10/25 | DAR | Review fee application and email with bankruptcy counsel re: requirements for filing | 0.30 | 138.00 |
| 06/11/25 | DAR | Draft and revise Fee Petition and all supporting documents except for computation of hours | 1.60 | 736.00 |
| 06/11/25 | DAR | Coordinate with Accounting department to get relevant invoices for period of time encompassed in the fee application | 0.30 | 138.00 |
| 06/11/25 | MLD | Emails with DR re: preparing fee petition | 0.10 | 30.00 |
| 06/11/25 | MLD | Review docket to see if there is a Motion and Order re: submission of fee applications | 0.20 | 60.00 |

037298  Firstbase.I.O, Inc.                                    Invoice        632137
000002  Special Bankruptcy Counsel Litigation                              Page 3
09/23/25

| Date | Tkpr | | Hours | Value |
|------|------|------|-------|-------|
| 06/12/25 | DAR | Confer with M. Dolan re: categorization of billing entries in fee petition | 0.30 | 138.00 |
| 06/12/25 | MLD | Review Southern District of New York guidelines for preparation of interim fee application | 0.30 | 90.00 |
| 06/12/25 | MLD | Review draft invoice and revise same | 1.00 | 300.00 |
| 06/12/25 | MLD | Confer with D. Rodkey re: revisions to invoice | 0.10 | 30.00 |
| 06/12/25 | MLD | Confer with Accounting re: revisions to invoice | 0.10 | 30.00 |
| 06/13/25 | DAR | Emails with M. Dolan and Accounting department re: necessary information for fee application | 0.40 | 184.00 |
| 06/13/25 | MLD | Review revised invoice | 0.10 | 30.00 |
| 06/13/25 | MLD | Broke out invoice entries into category codes | 0.70 | 210.00 |
| 06/13/25 | MLD | Emails with Accounting re: attorney rates and spreadsheet containing billing entries | 0.20 | 60.00 |
| 06/13/25 | MLD | Draft summary sheets and revise first interim fee application | 1.50 | 450.00 |
| 06/13/25 | MLD | Emails with M. Schon re: invoice and blended rates for attorneys | 0.20 | 60.00 |
| 06/13/25 | MLD | Confer with P. Davis re: blended rates for attorneys and paraprofessionals | 0.20 | 60.00 |
| 06/13/25 | MLD | Emails with D. Rodkey re: fee application | 0.10 | 30.00 |
| 06/16/25 | DAR | Review and edit fee petition and all documents | 0.30 | 138.00 |
| 06/16/25 | DAR | Call with debtor's counsel re: fee petition | 0.20 | 92.00 |
| 06/16/25 | MLD | Review and revise Interim Fee Application | 0.50 | 150.00 |
| 06/16/25 | MLD | Redact invoice for fee application | 0.30 | 90.00 |
| 06/16/25 | MLD | Emails with D. Rodkey re: first interim fee application | 0.10 | 30.00 |
| 07/18/25 | MTG | Review Royer Cooper letter to bankruptcy court | 0.10 | 38.00 |
| 08/18/25 | CTM | Retrieve Appellate Orders and Opinion and distribute same to attorneys | 0.40 | 140.00 |
| 08/29/25 | DAR | Review petition for rehearing and email with QE re: same | 0.50 | 230.00 |
| 08/29/25 | MTG | Review petition for rehearing | 0.30 | 114.00 |
| | | Total | 36.20 | |

**Timekeeper Time Summary:**

037298  Firstbase.I.O, Inc.                                                  Invoice        632137
000002  Special Bankruptcy Counsel Litigation                                              Page 4
09/23/25

| Timekeeper | Hours | Value |
|---|---|---|
| James J. Rodgers | 6.20 | 4,495.00 |
| David A. Rodkey | 17.70 | 8,142.00 |
| Matthew T. Gardella | 4.90 | 1,862.00 |
| Miriam L. Dolan | 5.70 | 1,710.00 |
| Catherine T. Morton | 1.70 | 595.00 |
| | Current Fees | $16,804.00 |

Total Amount of This Invoice        $16,804.00