# <u>EXHIBIT A</u>

## [DRAFT] Plan Trust Agreement

This Plan Trust Agreement ("**Agreement**") dated October [  ], 2025, by and between Firstbase.io, Inc., in its capacity as Reorganized Debtor, and previously a debtor and debtor-in-possession (the "**Debtor**") in the Chapter 11 case (the "**Chapter 11 Case**") pending in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") under Case Number 24-11647, the Reorganized Debtor and [_____] (the "**Plan Trustee**"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan (as hereinafter defined).

WHEREAS, on September 25, 2024, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code;

WHEREAS, on September 15, 2025, creditor, Harbor Compliance Corporation, filed a plan of reorganization for the Debtor pursuant to Chapter 11 of the Bankruptcy Code (as amended or modified from time to time, the "**Plan**");

WHEREAS, on October 20, 2025, the Bankruptcy Court entered an order confirming the Plan (the "**Confirmation Order**");

WHEREAS, the Plan and the Confirmation Order provide for the establishment of  the Plan Trust pursuant to this Agreement and the appointment of the Plan Trustee to administer the Plan Trust for the benefit of holders of Allowed claims in Class Three ("**Allowed Claims**") under the Plan, and to provide administrative services relating to the Plan's implementation;

WHEREAS, the Plan Trust is established pursuant to the Plan and this Agreement as a liquidating trust in accordance with Treasury Regulation section 301.7701-4(d) for the primary purpose of liquidating the Plan Trust Assets, with no objective to continue or engage in the conduct of a trade or business except, to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Plan Trust and the Plan;

WHEREAS, The Plan Trust is established for the benefit of the holders Allowed Claims that are entitled to receive Distributions from the Plan Trust under the Plan (each a "**Beneficiary**" and collectively, "**Beneficiaries**"); and

WHEREAS, the Plan Trust is intended to qualify as a "grantor trust" for US federal income tax purposes pursuant to sections 671-677 of the Internal Revenue Code, with the Plan Trust beneficiaries treated as the grantors and owners of the Plan Trust.

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein and in the Plan, the Reorganized Debtor and the Plan Trustee agree that the Trust shall be comprised, held, and disposed of as follows:

### Declaration of Trust

The Reorganized Debtor and the Plan Trustee enter into this Agreement to effectuate the Distribution of the Plan Trust Assets to the holders of Allowed Claims pursuant to the Plan and the Confirmation Order;

Pursuant to section Article V of the Plan, paragraphs {X, X, X} of the Confirmation Order, and Section 2.03 of this Agreement, all right, title, and interest in, under, and to the Plan Trust Assets shall be absolutely and irrevocably assigned to the Trust and to its successors in trust and its successors and assigns;

TO HAVE AND TO HOLD unto the Plan Trustee and its successors in trust; and

IT IS HEREBY FURTHER COVENANTED AND DECLARED, that the Plan Trust Assets and all other property held from time to time by the Trust under this Agreement and any proceeds thereof and earnings thereon (collectively, **"Trust Assets"**) are to be held by the Trust and applied on behalf of the Trust by the Plan Trustee on the terms and conditions set forth herein and in the Plan, solely for the benefit of the holders of Allowed Claims and for no other party.

## ARTICLE I

### Recitals, Definitions, and Interpretations

**Section 1.01    Recitals**. The Recitals are incorporated into and made terms of this Agreement.

**Section 1.02    Plan Definitions**. All terms used in this Agreement but not defined herein shall have the same meanings set forth in the Plan.

**Section 1.03    Interpretation, Headings**. All references herein to specific provisions of the Plan or Confirmation Order are without exclusion or limitation of other applicable provisions of the Plan or Confirmation Order. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender. The headings in this Agreement are for convenience of reference only and shall not limit or otherwise affect the provisions of this Agreement.

**Section 1.04    Conflict Among Documents**. In the event of any inconsistency between the Plan or Confirmation Order, as applicable, on the one hand, and this Agreement, on the other hand, the Plan or Confirmation Order, as applicable, shall control and take precedence.

## ARTICLE II

### Establishment of Trust

**Section 2.01    Effectiveness of Agreement; Name of Trust.** This Agreement shall become effective on the Plan Effective Date. The Trust shall be officially known as the **"FIRSTBASE.IO, INC. Plan Trust"**.

**Section 2.02    Purpose of Trust.** The Reorganized Debtor and the Plan Trustee, pursuant to the Plan and in accordance with Bankruptcy Code, hereby create the Trust for the primary purpose of collecting, holding, administering, distributing, and liquidating the Trust Assets for the benefit of the holders of Claims in accordance with the terms and conditions of this Agreement and the Plan, and with no objective to continue or engage in the conduct of a trade or business, except to the extent reasonably necessary to, and consistent with, the liquidating purpose of the Trust.

**Section 2.03    Transfer of Trust Assets.**

(a) <u>Conveyance of Plan Trust Assets</u>. The Debtor hereby grants, releases, assigns, transfers, conveys, and delivers, on behalf of the holders of Claims, the Trust Assets to the Trust as of the Effective Date in trust for the benefit of such holders to be administered and applied as specified in this Agreement and the Plan. The Plan Trustee shall have no duty to arrange for any of the transfers contemplated under this Agreement or by the Plan or to ensure their compliance with the terms of the Plan and the Confirmation Order and shall be conclusively

entitled to rely on the legality and validity of such transfers.

(b) <u>Title to Trust Assets</u>. Pursuant to the Plan, all of the Debtor's right, title, and interest in and to the Trust Assets, including all such assets held or controlled by third parties, are automatically vested in the Trust on the Effective Date, free and clear of all liens, claims, encumbrances, and other interests, except as specifically provided in the Plan, and such transfer is on behalf of the holders of Claims to establish the Trust. The Trust shall be authorized to obtain possession or control of, liquidate, and collect all of the Trust Assets in the possession or control of third parties and pursue all of the Causes of Action. On the Effective Date, the Trust shall stand in the shoes of the Debtor for all purposes with respect to the Trust Assets and administration of the Claims. To the extent any law or regulation prohibits the transfer of ownership of any of the Trust Assets from the Debtor to the Trust and such law is not superseded by the Bankruptcy Code, the Trust's interest shall be a lien upon and security interest in such Trust Assets, in trust, nevertheless, for the sole use and purposes set forth in Section 2.02, and this Agreement shall be deemed a security agreement granting such interest thereon without need to file financing statements or mortgages. By executing this Agreement, the Plan Trustee on behalf of the Trust hereby accepts all of such property as Trust Assets, to be held in trust for the holders of Claims, subject to the terms of this Agreement and the Plan.

(c) <u>Capacity of Trust</u>. Notwithstanding any state or federal law to the contrary or anything herein, the Trust itself shall have the capacity, in its own right and name, to act or refrain from acting, including the capacity to sue and be sued and to enter into contracts. The Trust may alone be the named movant, respondent, party plaintiff or defendant, or the like in all adversary proceedings, contested matters, and other state or federal proceedings brought by or against it, and may settle and compromise all such matters in its own name.

(d) <u>No Retention of Excess Cash</u>. Notwithstanding anything in this Agreement to the contrary, under no circumstances shall the Trust or Trustee retain cash or cash equivalents in excess of a reasonable amount to meet claims, expenses, and contingent liabilities or to maintain the value of the Trust Assets during Plan other than reserves established pursuant to Section 4.01(b) of this Agreement, and, subject to **Section** _____ of this Agreement, shall distribute all amounts not required to be retained for such purposes to the holders of Allowed Claims as promptly as reasonably practicable in accordance with the Plan and this Agreement.

(e) <u>Acceptance by Trustee</u>. The Plan Trustee accepts its appointment as Plan Trustee of the Trust.

## ARTICLE III

### Trust Administration

**Section 3.01      Rights, Powers, and Privileges of Trustee Generally**. Except as otherwise provided in this Agreement, the Plan, or the Confirmation Order, as of the date that the Trust Assets are transferred to the Trust the Plan Trustee on behalf of the Trust may control and exercise authority over the Trust Assets, over the acquisition, management, and disposition thereof, and over the management and conduct of the affairs of the Trust. In administering the Trust Assets, the Plan Trustee shall endeavor not to unduly prolong the Trust's duration, with due regard that undue haste in the administration of the Trust Assets may fail to maximize value for the benefit of the holders of Allowed Claims and otherwise be imprudent and not in the best interests of such holders.

**Section 3.02      Power to Contract**. In furtherance of the purpose of the Trust, and except as otherwise specifically restricted in the Plan, Confirmation Order, or this Agreement, the Plan

Trustee shall have the right and power on behalf of the Trust, and also may cause the Trust, to enter into any covenants or agreements binding the Trust, and to execute, acknowledge, and deliver any and all instruments that are necessary or deemed by the Plan Trustee to be consistent with and advisable in furthering the purpose of the Trust.

**Section 3.03    Ultimate Right to Act Based on Advice of Counsel or Other Professionals**. Nothing in this Agreement shall be deemed to prevent the Plan Trustee from taking or refraining to take any action on behalf of the Trust that, based upon the advice of counsel or other professionals, the Plan Trustee determines it is obligated to take or to refrain from taking in the performance of any duty that the Plan Trustee may owe the holders of Claims or any other Person under the Plan, Confirmation Order, or this Agreement.

**Section 3.04    Powers of Trustee**. Without limiting the generality of the above Section 3.01, in addition to the powers granted in the Plan, the Plan Trustee shall have the power to take the following actions on behalf of the Trust and any powers reasonably incidental thereto that the Plan Trustee, in its reasonable discretion, deems necessary or appropriate to fulfill the purpose of the Trust, unless otherwise specifically limited or restricted by the Plan or this Agreement:

(a) Hold legal title to the Trust Assets and to any and all rights of the Debtor and the holders of Claims in or arising from the Trust Assets.

(b) Manage, invest, supervise, protect, and where appropriate, cause the Trust to abandon the Trust Assets, including causing the Trust to invest any moneys held as Trust Assets in accordance with the terms of Section 3.08 hereof.

(c) Open and maintain bank accounts on behalf of or in the name of the Trust.

(d) Cause the Trust to enter into any agreement or execute any document or instrument required by or consistent with the Plan, the Confirmation Order or this Agreement, and to perform all obligations thereunder.

(e) Subject to **Section** _____ of this Agreement, collect and liquidate all Trust Assets, including the sale of any Trust Assets.

(f) Protect and enforce the rights to the Trust Assets (including any Causes of Action) vested in the Trust and Trustee by this Agreement and the Plan by any method deemed appropriate, including, without limitation, by judicial proceedings or otherwise.

(g) Investigate any Trust Assets, including, without limitation, potential Causes of Action, and any objections to Claims, and cause the Trust to seek the examination of any Person pursuant to Federal Rule of Bankruptcy Procedure.

(h) Cause the Trust to employ and pay professionals, claims agents, disbursing agents, and other agents and third parties pursuant to this Agreement.

(i) Cause the Trust to pay all of its lawful expenses, debts, charges, taxes, and other liabilities, and make all other payments relating to the Trust Assets.

(j) Subject to **Section** _____ of this Agreement, cause the Trust to pursue, commence, prosecute, compromise, settle, dismiss, release, waive, withdraw, abandon, or resolve all Causes of Action.

(k) Subject to **Section** _____ of this Agreement, calculate and make all Distributions on behalf of the Trust to the holders of Allowed Claims provided for in, or contemplated by, the Plan and this Agreement.

(l) Establish, adjust, and maintain reserves for Disputed Claims required to be administered by

the Trust.

(m) Cause the Trust to withhold from the amount distributable to any Person the maximum amount needed to pay any tax or other charge that the Plan Trustee has determined, based upon the advice of its agents and/or professionals, may be required to be withheld from such Distribution under the income tax or other laws of the United States or of any state or political subdivision thereof.

(n) In reliance initially solely upon the Debtor's schedules, the Debtor's books and records and the official claims register maintained in the Debtor's Chapter 11 Case, review, and where appropriate, cause the Trust to allow or object to Claims and Interests; and, subject to **Section** _____ of this Agreement, supervise and administer the Trust's commencement, prosecution, settlement, compromise, withdrawal, or resolution of all objections to Disputed Claims required to be administered by the Trust.

(o) In reliance upon the Debtor's schedules and the official Claims register maintained in the Chapter 11 Case, maintain a register evidencing the beneficial interest herein held by each Beneficiary and, in accordance with Section 3.09 of this Agreement, such register may be the official Claims register maintained in the Chapter 11 Case.

(p) Cause the Trust to make all tax withholdings, file tax information returns, file and prosecute tax refund claims, make tax elections by and on behalf of the Trust, and file tax returns for the Trust as a grantor trust under IRC section 671 and Treasury Income Tax Regulation section 1.671-4 pursuant to and in accordance with the Plan and Article vii hereof, and pay taxes, if any, payable for and on behalf of the Trust; provided, however, that notwithstanding any other provision of this Agreement, the Reorganized Debtor shall prepare and sign any of the Debtor's income tax returns that are due to be filed after the Effective Date or for any tax liability related thereto.

(q) Cause the Trust to abandon or donate any Trust Assets that the Plan Trustee determines to be too impractical to distribute to Beneficiaries or of inconsequential value to the Trust and Beneficiaries to an eligible charity to be determined by the Plan Trustee in consultation with the Reorganized Debtor.

(r) Cause the Trust to send annually to Beneficiaries, in accordance with the tax laws, a separate statement stating a Beneficiary's interest in the Trust and its share of the Trust's income, gain, loss, deduction or credit, and to instruct all such Beneficiaries to report such items on their federal tax returns;

(s) Cause the Trust to seek a determination of tax liability or refund under section 505 of the Bankruptcy Code.

(t) Cause the Trust to establish such reserves for taxes, assessments, and other expenses of administration of the Trust as may be necessary and appropriate for the proper operation of matters incident to the Trust.

(u) Cause the Trust to purchase and carry all insurance policies that the Plan Trustee deems reasonably necessary or advisable and to pay all associated insurance premiums and costs out of the Trust Assets.

(v) Subject to **Section** _____ of this Agreement, if the Plan Trustee has a conflict or if any of the Trust Assets are situated in any state or other jurisdiction in which the Plan Trustee is not qualified to act as trustee, nominate, and appoint a Person duly qualified to act as trustee in such state or jurisdiction in accordance with the terms of this Agreement.

(w) Undertake all administrative functions of the Trust, including overseeing the winding down and termination of the Trust.

(x) Undertake all administrative functions remaining in the Chapter 11 Case, including reporting and making required payments of fees to the US Trustee and overseeing the closing of the Chapter 11 Case.

(y) Exercise, implement, enforce, and discharge all of the terms, conditions, powers, duties, and other provisions of the Plan, the Confirmation Order, and this Agreement.

(z) Take all other actions consistent with the provisions of the Plan that the Plan Trustee deems reasonably necessary or desirable to administer the Trust.

**Section 3.05      Exclusive Authority to Pursue Causes of Action**. The Trust shall have the exclusive right, power, and interest to pursue, settle, waive, release, abandon, or dismiss the Causes of Action. The Trust shall be the sole representative of the Estate under section 1123(b)(3) of the Bankruptcy Code with respect to the Causes of Action.

**Section 3.06      Abandonment**. If, in the Plan Trustee's reasonable judgment, any non-cash Trust Assets cannot be sold in a commercially reasonable manner or the Plan Trustee believes in good faith that such property has inconsequential value to the Trust or its Beneficiaries, the Plan Trustee shall have the right to cause the Trust to abandon or otherwise dispose of such property, including by donation of such property to an eligible charity to be determined by the Plan Trustee in consultation with the Reorganized Debtor

**Section 3.07      Responsibility for Administration of Claims**. As of the Effective Date, the Trust shall become responsible for administering and paying Distributions to the holders of Allowed Claims entitled to receive Distributions from the Trust pursuant to the Plan. The Trust shall have the exclusive right to object to the allowance of any Claim on any ground and shall be entitled to assert all defenses of the Debtor and its Estate. The Trust shall also be entitled to assert all of the Estate's rights under, without limitation, section 558 of the Bankruptcy Code. The Trust may also seek estimation of any Claims under and subject to section 502(c) of the Bankruptcy Code.

**Section 3.08      Agents and Professionals**. The Plan Trustee may, but shall not be required to, consult with and retain attorneys, financial advisors, accountants, appraisers, and other professionals the Plan Trustee believes have qualifications necessary to assist in the administration of the Trust, including professionals previously retained by the Plan Proponent. For the avoidance of doubt, and without limitation of applicable law, nothing in this Agreement shall limit the Plan Trustee from engaging counsel or other professionals, including the Plan Trustee itself or the Plan Trustee's firm or their affiliates, to do work for the Trust. The Plan Trustee may pay the reasonable salaries, fees and expenses of such Persons out of the Trust Assets in the ordinary course of business.

**Section 3.09      Safekeeping and Investment of Trust Assets**. All moneys and other assets received by the Plan Trustee shall, until distributed or paid over as provided herein and in the Plan, be held in trust for the benefit of the holders of Claims but need not be segregated in separate accounts from other Trust Assets, unless and to the extent required by law or the Plan. The Plan Trustee shall not be under any obligation to invest Trust Assets. Neither the Trust nor the Plan Trustee shall have any liability for interest or producing income on any moneys received by them and held for Distribution or payment to holders of Claims, except as such interest shall actually be received by the Trust or Trustee, which shall be distributed as provided in the Plan. Except as otherwise provided by the Plan, the powers of the Plan Trustee to invest any moneys held by the Trust, other than those powers reasonably necessary to maintain the value of the assets and to further the Trust's liquidating purpose, shall be limited to powers to invest in demand and time deposits, such as short-term certificates of deposit, in banks or other savings institutions, or other temporary liquid investments,

such as treasury bills; provided, however, that the scope of permissible investments shall be limited to include only those investments that a Plan Trust, within the meaning of Treas. Reg. § 3.01.7701-4(d), may be permitted to hold pursuant to the Treasury Regulations, or any modification of the IRS guidelines, whether set forth in IRS rulings, IRS pronouncements, or otherwise. For the avoidance of doubt, the provisions of section 11-2.3 of the Estates, Power, and Trusts Law of New York shall not apply to this Agreement. Notwithstanding the foregoing, the Plan Trustee shall not be prohibited from engaging in any trade or business on its own account, provided that such activity does not interfere or conflict with the Plan Trustee's administration of the Trust and in accordance with **Section** _____ of this Agreement.

Section 3.10    **Maintenance and Disposition of Trust Records**. The Plan Trustee shall maintain accurate records of the administration of Trust Assets, including receipts and disbursements and other activity of the Trust. The Trust may engage a claims agent to continue to maintain and update the Claims register maintained in the Chapter 11 Cases throughout the administration of the Trust, and such Claims register may serve as the Plan Trustee's register of beneficial interests held by Beneficiaries. The books and records maintained by the Plan Trustee may be disposed of by the Plan Trustee at the later of (a) such time as the Plan Trustee determines that the continued possession or maintenance of such books and records is no longer necessary for the benefit of the Trust or its Beneficiaries, or (b) upon the termination and completion of the winding down of the Trust.

Section 3.11    **Reporting Requirements**.  To the extent feasible and practicable as determined by the Plan Trustee, each Distribution by the Plan Trustee shall be accompanied by a report to the Beneficiaries which details and accounts for the Plan Trust Assets remaining since the prior report. The report shall include a summary of expenses incurred by the Plan Trustee and Distributions made on account of Allowed Claims. After the Plan Trustee makes all Distributions provided by the Plan and this Agreement, the Plan Trustee shall file a final report with the Bankruptcy Court which details and accounts for the Plan Trust Assets and contains a summary of expenses incurred by the Plan Trustee and Distributions made on account of Allowed Claims.

Section 3.12    **Conflicts of Interest**. Conflicts of interest of the Plan Trustee will be addressed by  a disinterested Person selected by the Plan Trustee to handle any matter where the Plan Trustee has identified a conflict of interest or the Bankruptcy Court, on motion of a party in interest, determines one exists. In the event the Plan Trustee is unwilling or unable to appoint a disinterested Person to handle any such matter, the Bankruptcy Court, on notice and hearing, may do so.

Section 3.13    **No Bond Required; Procurement of Insurance**. Notwithstanding any state or other applicable law to the contrary, the Plan Trustee (including any successor Trustee) shall be exempt from giving any bond or other security in any jurisdiction and shall serve hereunder without bond. The Plan Trustee is hereby authorized, but not required to obtain all reasonable insurance coverage for itself, its agents, representatives, employees or independent contractors, including, without limitation, coverage with respect to the liabilities, duties and obligations of the Plan Trustee and its agents, representatives, employees, or independent contractors under this Agreement. The cost of any such insurance coverage shall be an expense of the Trust and paid out of Trust Assets.

Section 3.14    **Charitable Donations**. The Plan Trustee may donate any remaining proceeds to a charitable organization after the Plan Trustee has made all Distributions possible pursuant to the terms and conditions of this Agreement.

## ARTICLE IV

### Distributions

**Section 4.01      Distribution and Reserve of Trust Assets**. Following the transfer of Trust Assets to the Trust, the Plan Trustee shall make continuing efforts on behalf of the Trust to collect, liquidate, and distribute all Trust Assets, subject to the reserves required under the Plan or this Agreement.

(a) **Distributions**.  Subject to **Error! Reference source not found.** of this Agreement, the Plan Trustee shall cause the Trust to distribute the Plan Trust Assets to holders of Allowed Claims, except the Trust may retain an amount of net income and other Trust Assets reasonably necessary to maintain the value of the Trust Assets or to meet expenses, claims and contingent liabilities of the Trust and Trustee, and retention of such amount may preclude Distributions to holders of Allowed Claims.

(b) **Reserves; Pooling of Reserved Funds**.  Before any Distribution can be made, the Plan Trustee shall, in its reasonable discretion, establish, supplement, and maintain reserves in an amount sufficient to meet any and all expenses and liabilities of the Trust, including attorneys' fees and expenses, the fees and expenses of other professionals, and any fees owed the US Trustee. The Plan Trustee need not maintain the Trust's reserves in segregated bank accounts and may pool funds in the reserves with each other and other funds of the Trust; provided, however, that the Trust shall treat all such reserved funds as being held in a segregated manner in its books and records.

(c) **Distributions Net of Reserves and Costs**.  Distributions shall be made net of reserves in accordance with the Plan and also net of the actual and reasonable costs of making the Distributions.

(d) **Right to Rely on Professionals**.  Without limitation of the generality of Section 6.06 of this Agreement, in determining the amount of any Distribution or reserves, the Plan Trustee may rely and shall be fully protected in relying on the advice and opinion of the Trust's financial advisors, accountants, or other professionals.

**Section 4.02      Method and Timing of Distributions**. Distributions to holders of Allowed Claims will be made from the Trust in accordance with the terms of the Plan and this Agreement. The Trust may engage disbursing agents and other Persons to help make Distributions.

**Section 4.03      Withholding from Distributions**. The Plan Trustee, in its discretion, may cause the Trust to withhold from amounts distributable from the Trust to any Beneficiary any and all amounts as may be sufficient to pay the maximum amount of any tax or other charge that has been or might be assessed or imposed by any law, regulation, rule, ruling, directive, or other governmental requirement on such Beneficiary or the Trust with respect to the amount to be distributed to such Beneficiary. The Plan Trustee shall determine such maximum amount to be withheld by the Trust in its sole, reasonable discretion and shall cause the Trust to distribute to the Beneficiary any excess amount withheld.

**Section 4.04      Tax Identification Numbers**. The Plan Trustee shall require any Beneficiary to furnish its taxpayer identification number as assigned by the Internal Revenue Service and may condition any Distribution to any Beneficiary upon receipt of such identification number. If a Beneficiary does not timely provide the Plan Trustee with its taxpayer identification number in the manner and by the deadline established by the Plan Trustee, then the Distribution to such Beneficiary shall be administered in accordance with Section 4.05 of this Agreement. For the avoidance of doubt, the Plan Trustee shall not, and in no event shall be required, to make more than two (2) attempts to contact a Beneficiary (by first class mail or email) to request such Beneficiary's taxpayer identification number.

**Section 4.05      Unclaimed and Undeliverable Distributions**. In accordance with Article VII of the Plan, if any distribution to the Holder of an Allowed Claim under the Plan is returned as undeliverable, no further distributions shall be made to such Beneficiary unless and until the Plan Trustee is notified in writing of such Beneficiary's then-current address. Any Beneficiary ultimately receiving a distribution that was initially returned as undeliverable shall not be entitled to any interest or other accruals of any kind on such distribution. Nothing contained in the Plan, the Confirmation Order or this Agreement shall require the Plan Trustee to attempt to locate any Holder of an Allowed Claim.

(a) **No Responsibility to Attempt to Locate Beneficiaries**. The Plan Trustee may, in its sole discretion, attempt to determine a Beneficiary's current address or otherwise locate a Beneficiary, but nothing in this Agreement or the Plan shall require the Plan Trustee to do so.

(b) **Disallowance of Claims; Cancellation of Corresponding Beneficial Interests**. All Claims in respect of undeliverable or unclaimed Distributions that pursuant to Article VII of the Plan have become unclaimed property under section 347(b) of the Bankruptcy Code, shall be deemed Disallowed and expunged, and the corresponding beneficial interests in the Trust of the Beneficiary holding such Disallowed Claims shall be deemed canceled. The Holder of any such Disallowed Claim shall no longer have any right, claim, or interest in or to any Distributions in respect of such Disallowed Claims. The Holder of any such Disallowed Claim is forever barred, estopped, and enjoined from receiving any Distributions under this Agreement and from asserting such Disallowed Claim against the Trust or Trustee.

(c) **Inapplicability of Unclaimed Property or Escheat Laws**. Unclaimed property held by the Trust shall not be subject to the unclaimed property or escheat laws of the United States, any state, or any local governmental unit.

**Section 4.06      Voided Checks; Request for Reissuance**. Distribution checks issued to Beneficiaries shall be null and void if not negotiated within Ninety (90) days after the date of issuance thereof. Requests for reissuance of any check shall be made in writing directly to the Plan Trustee by the Beneficiary that was originally issued such check. All such requests shall be made promptly. Distributions in respect of voided checks shall be treated as unclaimed Distributions under the Plan and administered under Section 4.05 of this Agreement.

**Section 4.07      Conflicting Claims**. If any conflicting claims or demands are made or asserted with respect to the beneficial interest of a Beneficiary under this Agreement, or if there is any disagreement between the assignees, transferees, heirs, representatives, or legatees succeeding to all or a part of such an interest resulting in adverse claims or demands being made in connection with such interest, then, in any of such events, the Plan Trustee shall be entitled, in its sole discretion, to refuse to comply with any such conflicting claims or demands.

(a) The Plan Trustee may elect to cause the Trust to make no payment or Distribution with respect to the beneficial interest subject to the conflicting claims or demand, or any part thereof, and to refer such conflicting claims or demands to the Bankruptcy Court, which shall have exclusive jurisdiction over resolution of such conflicting claims or demands. Neither the Trust nor the Plan Trustee shall be or become liable to any of such parties for their refusal to comply with any such conflicting claims or demands, nor shall the Trust or Trustee be liable for interest on any funds which may be so withheld.

(b) The Plan Trustee shall be entitled to refuse to act until either (i) the rights of the adverse claimants have been adjudicated by a final order of the Bankruptcy Court, or (ii) all differences have been resolved by a valid written agreement among all such parties to the satisfaction of the Plan Trustee, which agreement shall include a complete release of the Trust and Trustee.

Until the Plan Trustee receives written notice that one of the conditions of the preceding sentence is met, the Plan Trustee may deem and treat the Beneficiary as the absolute owner under this Agreement of the beneficial interest in the Trust the Beneficiary identified as the owner of that interest in the books and records maintained by the Plan Trustee. The Plan Trustee may deem and treat such Beneficiary as the absolute owner for purposes of receiving Distributions and any payments on account thereof for federal and state income tax purposes, and for all other purposes whatsoever.

(c) In acting or refraining from acting under and in accordance with this Section 4.07 of the Agreement, the Plan Trustee shall be fully protected and incur no liability to any purported claimant or any other Person to the extent set forth in Article vi of this Agreement.

**Section 4.08      Priority of Expenses of Trust**. The Trust must pay or reserve for all of its expenses before making Distributions.

## ARTICLE V

## Beneficiaries

**Section 5.01      Interest Beneficial Only**. The ownership of a beneficial interest in the Trust shall not entitle any Beneficiary to any title in or to the Trust Assets or to any right to call for a partition or division of such assets or to require an accounting.

**Section 5.02      Ownership of Beneficial Interests Hereunder**. Each Beneficiary shall own a beneficial interest herein, which shall, subject to Section 4.01 herein and the Plan, be entitled to a Distribution in the amounts, and at the times, set forth in the Plan.

**Section 5.03      Evidence of Beneficial Interest**. Ownership of a beneficial interest in the Trust Assets shall not be evidenced by any certificate, security, or receipt or in any other form or manner whatsoever, except as maintained on the books and records of the Trust by the Plan Trustee.

**Section 5.04      No Right to Accounting**. Except as set forth in Section 8.04 of this Agreement, neither the Beneficiaries nor their successors, assigns, creditors, or any other Person shall have any right to an accounting by the Plan Trustee, and the Plan Trustee shall not be obligated to provide any accounting to any Person. Nothing in this Agreement is intended to require the Plan Trustee at any time or for any purpose to file any accounting or seek approval of any court with respect to the administration of the Trust or as a condition for making any advance, payment, or Distribution out of proceeds of Trust Assets.

**Section 5.05      No Standing**. Except as expressly provided in this Agreement, a Beneficiary shall not have standing to direct or to seek to direct the Trust or Trustee to do or not to do any act or to institute any action or proceeding at law or in equity against any Person upon or with respect to the Trust Assets.

**Section 5.06      Requirement of Undertaking**. The Plan Trustee may request the Bankruptcy Court to require, in any suit for the enforcement of any right or remedy under this Agreement, or in any suit against the Plan Trustee for any action taken or omitted by it as Trustee, that the filing party litigant in such suit pay the costs of such suit, including reasonable attorneys' fees, against any party litigant in such suit; provided, however, that the provisions of this Section 5.06 shall not apply to any suit by the Plan Trustee.

**Section 5.07      Limitation on Transferability**. It is understood and agreed that the

beneficial interests herein shall be non-transferable and non-assignable during the term of this Agreement except by operation of law. An assignment by operation of law shall not be effective until appropriate notification and proof thereof is submitted to the Plan Trustee, and the Plan Trustee may continue to cause the Trust to pay all amounts to or for the benefit of the assigning Beneficiaries until receipt of proper notification and proof of assignment by operation of law. The Plan Trustee may rely upon such proof without the requirement of any further investigation.

**Section 5.08    Exemption from Registration**. The rights of the Beneficiaries arising under this Agreement may be deemed "securities" under applicable law. However, such rights have not been defined as "securities" under the Plan because (a) the parties hereto intend that such rights shall not be securities, and (b) if the rights arising under this Agreement in favor of the Beneficiaries are deemed to be "securities," the exemption from registration under section 1145 of the Bankruptcy Code is intended to be applicable to such securities. No party to this Agreement shall make a contrary or different contention.

**Section 5.09    Delivery of Distributions**. Subject to the terms of this Agreement, the Plan Trustee shall cause the Trust to make Distributions to holders of Allowed Claims in the manner provided in the Plan.

## ARTICLE VI

### Indemnification and Third Party Rights

**Section 6.01    Parties Dealing With the Plan Trustee**. In the absence of actual knowledge to the contrary, any Person dealing with the Trust or the Plan Trustee shall be entitled to rely on the authority of the Plan Trustee or any of the Plan Trustee's agents to act in connection with the Trust Assets. There is no obligation of any Person dealing with the Plan Trustee to inquire into the validity, expediency, or propriety of any transaction by the Plan Trustee or any agent of the Plan Trustee.

**Section 6.02    Limitation of Trustee's Liability**. In exercising the rights granted herein, the Plan Trustee shall exercise the Plan Trustee's best judgment, to the end that the affairs of the Trust shall be properly managed and the interests of all of the holders of Claims safeguarded. But, notwithstanding anything herein or in the Plan to the contrary, neither Trustee, nor its respective firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents, and any of such Person's successors and assigns shall incur any responsibility or liability by reason of any error of law or fact or of any matter or thing done or suffered or omitted to be done under or in connection with this Agreement, whether sounding in tort, contract, or otherwise, except for fraud, gross negligence, or willful misconduct that is found by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to be the direct and primary cause of loss, liability, damage, or expense suffered. In no event shall the Plan Trustee be liable for indirect, punitive, special, incidental, or consequential damage or loss (including but not limited to lost profits) whatsoever, even if the Plan Trustee has been informed of the likelihood of such loss or damages and regardless of the form of action.

**Section 6.03    No Liability for Acts of Other Persons**. None of the Persons identified in the immediately preceding Section 6.02 of this Agreement shall be liable for the act or omission of any other Person identified in that section.

**Section 6.04    No Liability for Acts of Predecessors**. No successor Trustee shall be in

any way responsible for the acts or omissions of any Trustee in office prior to the date on which such successor becomes the Plan Trustee, unless a successor Trustee expressly assumes such responsibility.

**Section 6.05**   **No Liability for Good Faith Error of Judgment**. The Plan Trustee shall not be liable for any error of judgment made in good faith, unless it shall be finally determined by a final judgment of a court of competent jurisdiction (not subject to further appeal or review) that the Plan Trustee was grossly negligent or engaged in willful misconduct in ascertaining the pertinent facts.

**Section 6.06**   **Reliance by Trustee on Documents and Advice of Counsel or Other Persons**. Except as otherwise provided herein, the Plan Trustee may rely and shall be protected in acting upon any resolution, certificate, statement, instrument, opinion, report, notice, request, consent, order, or other paper or document believed by them to be genuine and to have been signed or presented by the proper party or parties. The Plan Trustee  also may engage and consult with their respective legal counsel and other agents and advisors, and shall not be liable for any action taken, omitted, or suffered by them in reliance upon the advice of such counsel, agents, or advisors.

**Section 6.07**   **No Liability For Acts Approved by Bankruptcy Court**. The Plan Trustee shall have the right at any time to seek instructions from the Bankruptcy Court concerning the administration or disposition of the Trust Assets and the Claims required to be administered by the Trust. The Plan Trustee shall not be liable for any act or omission that has been approved by the Bankruptcy Court, and all such actions or omissions shall conclusively be deemed not to constitute fraud, gross negligence, or willful misconduct.

**Section 6.08**   **No Personal Obligation for Trust Liabilities**. Persons dealing with the Plan Trustee shall have recourse only to the Trust Assets to satisfy any liability incurred by the Plan Trustee to any such Person in carrying out the terms of this Agreement, and the Plan Trustee shall have no personal, individual obligation to satisfy any such liability.

**Section 6.09**   **Indemnification**. The Plan Trustee and its  respective firms, companies, affiliates, partners, officers, directors, members, employees, professionals, advisors, attorneys, financial advisors, investment bankers, disbursing agents, or agents and any of such parties' successors and assigns (collectively, the **"Indemnified Parties"** and each, an **"Indemnified Party"**) shall, to the fullest extent permitted by applicable law, be defended, held harmless, and indemnified by the Trust from time to time and receive reimbursement from and against any and all loss, liability, expense (including counsel fees), or damage of any kind, type or nature, whether sounding in tort, contract, or otherwise, that the Indemnified Parties may incur or sustain in connection with the exercise or performance of any of the Trust's, or Trustee's powers and duties under this Agreement or in rendering services by the Indemnified Party to the Trust or Trustee, (the **"Indemnified Conduct"**), including, without limitation, the costs of counsel or others in investigating, preparing, defending, or settling any action or claim (whether or not litigation has been initiated against the Indemnified Party) or in enforcing this Agreement (including its indemnification provisions), except if such loss, liability, expense, or damage is finally determined by a final judgment (not subject to further appeal or review) of a court of competent jurisdiction to result directly and primarily from the fraud, gross negligence, or willful misconduct of the Indemnified Party asserting this provision.

(a) **Expense of Trust; Limitation on Source of Payment of Indemnification**. All indemnification liabilities of the Trust under this Section 6.09 shall be an expense of the Trust. The amounts necessary for such indemnification and reimbursement shall be paid by the Trust out of the available Trust Assets after reserving for all actual and anticipated expenses and liabilities of the Trust. The Plan Trustee shall not be personally liable for the payment of any Trust expense or claim or other liability of the Trust, and no Person shall look to the Plan Trustee or other Indemnified Parties personally for the payment of any such expense or

liability.

(b) **Procedure for Current Payment of Indemnified Expenses; Undertaking to Repay**. The Trust shall reasonably promptly pay an Indemnified Party all amounts subject to indemnification under this Section 6.09 on submission of invoices for such amounts by the Indemnified Party.  All invoices for indemnification shall be subject to the approval of the Plan Trustee. By accepting any indemnification payment, the Indemnified Party undertakes to repay such amount promptly if it is determined that the Indemnified Party is not entitled to be indemnified under this Agreement. The Bankruptcy Court shall hear and finally determine any dispute arising out of this Section 6.09.

**Section 6.10     No Implied Obligations**. The Plan Trustee shall not be liable except for the performance of such duties and obligations as are specifically set forth herein, and no implied covenants or obligations shall be read into this Agreement against the Plan Trustee.

**Section 6.11     Confirmation of Survival of Provisions**. Without limitation in any way of any provision of this Agreement, the provisions of this Article vi shall survive the death, dissolution, Plan, resignation, replacement, or removal, as may be applicable, of the Plan Trustee, or the termination of the Trust or this Agreement, and shall inure to the benefit of the Plan Trustee's and the Indemnified Parties' heirs and assigns.


# ARTICLE VII

## Tax Matters


**Section 7.01     Tax Treatment of Trust**. Pursuant to and in accordance with the Plan, for all federal income tax purposes, the Reorganized Debtor, the Beneficiaries, the Plan Trustee, and the Trust shall treat the Trust as a Plan Trust within the meaning of Treasury Income Tax Regulation Section 301.7701-4(d) and IRS Revenue Procedure 94-45, and transfer of the Trust Assets to the Trust shall be treated as a transfer of the Trust Assets by the Debtors to the Beneficiaries in satisfaction of their Allowed Claims, followed by a transfer of the Trust Assets by the Beneficiaries to the Trust in exchange for their pro rata beneficial interests in the Trust. The Beneficiaries shall be treated as the grantors and owners of the Trust for federal income tax purposes.

**Section 7.02     Annual Reporting and Filing Requirements**. Pursuant to and in accordance with the terms of the Plan and this Agreement, the Plan Trustee shall file tax returns for the Trust as a grantor trust pursuant to Treasury Income Tax Regulation Section 1.671-4(a).

**Section 7.03     Tax Treatment of Reserves for Disputed Claims**. The Plan Trustee may, in the Plan Trustee's sole discretion, determine the best way to report for tax purposes with respect to any reserve for Disputed Claims, including (a) filing a tax election to treat any and all reserves for Disputed Claims as a Disputed Ownership Fund (**"DOF"**) within the meaning of Treasury Income Tax Regulation Section 1.468B-9 for federal income tax purposes rather than to tax such reserve as a part of the Trust, or (b) electing to report as a separate trust or sub-trust or other entity. If an election is made to report any reserve for disputed claims as a DOF, the Trust shall comply with all federal and state tax reporting and tax compliance requirements of the DOF, including but not limited to the filing of a separate federal tax return for the DOF and the payment of federal and/or state income tax due.

**Section 7.04     Valuation of Trust Assets**. After the Effective Date, but in no event later than the due date for timely filing of the Trust's first federal income tax return (taking into account applicable tax filing extensions), the Plan Trustee shall (a) determine the fair market value of the Trust

Assets as of the Effective Date, based on the Plan Trustee's good faith determination, (b) advise the Reorganized Debtor of such valuation, and (c) establish appropriate means to apprise the Beneficiaries of such valuation. The valuation shall be used consistently by all parties (including, without limitation, the Reorganized Debtor, the Trust, the Plan Trustee, and the Beneficiaries) for all federal income tax purposes.

## ARTICLE VIII

### Trustee Selection, Removal, Replacement, and Compensation

**Section 8.01      Initial Trustee**. The Plan Trustee has been selected by the Plan Proponent and is appointed effective as of the Effective Date. The initial trustee shall be the Plan Trustee.

**Section 8.02      Term of Service**. The Plan Trustee shall serve until (a) the completion of the administration of the Trust Assets and the Trust, including the winding up of the Trust, in accordance with this Agreement and the Plan; (b) termination of the Trust in accordance with the terms of this Agreement and the Plan; or (c) the Plan Trustee's resignation, death, incapacity or removal. In the event the Plan Trustee's appointment terminates by reason of death, dissolution, Plan, resignation, or removal, the Plan Trustee shall be immediately compensated for all reasonable fees and expenses accrued through the effective date of termination, whether or not previously invoiced. The provisions of Article vi of this Agreement shall survive the resignation or removal of any Trustee.

**Section 8.03      Removal of Trustee**. Any party in interest, on notice and hearing before the Bankruptcy Court, may seek removal of the Plan Trustee for cause. The Bankruptcy Court shall hear and finally determine any dispute arising out of this section.

**Section 8.04      Resignation of Trustee**. The Plan Trustee may resign at any time on written notice to the Reorganized Debtor,  US Trustee, and Bankruptcy Court. The resignation shall be effective on the later of (a) the date specified in the notice of resignation, or (b) the date that is thirty (30) days after the date such notice is filed with the Bankruptcy Court and served on the Reorganized Debtor and the US Trustee. In no case shall the resignation of the Plan Trustee be effective on less than thirty (30) days' notice. In the event of a resignation, the resigning Trustee shall render to the Reorganized Debtor and the US Trustee a full and complete accounting of monies and assets received, disbursed, and held during the term of office of that Trustee.

**Section 8.05      Appointment of Successor Trustee**. Upon the resignation, death, incapacity, or removal of a Trustee, a successor Trustee shall be appointed by the Reorganized Debtor. In the event no party in interest seeks the appointment of a successor Trustee, the Bankruptcy Court may do so on its own motion. Any successor Trustee so appointed shall consent to and accept its appointment as successor Trustee, which may be done by e-mail or through acquiescence in not objecting to a motion for approval of its appointment as successor Trustee. Any successor Trustee may be appointed to serve only on an interim basis.

**Section 8.06      Powers and Duties of Successor Trustee**. A successor Trustee shall have all the rights, privileges, powers, and duties of its predecessor under this Agreement, the Plan, and Confirmation Order.

**Section 8.07      Trust Continuance**. The resignation, death, incapacitation, dissolution, Plan, or removal of the Plan Trustee shall not terminate the Trust or revoke any existing agency created pursuant to this Agreement or invalidate any action theretofore taken by the Plan Trustee.

**Section 8.08        Compensation of Trustee and Costs of Administration**. The Plan Trustee shall receive fair and reasonable compensation for its services, which shall be a charge against, and paid out of, the Trust Assets. All costs, expenses, and obligations incurred by the Plan Trustee (or professionals who may be employed by the Plan Trustee in administering the Trust, in carrying out their other responsibilities under this Agreement, or in any manner connected, incidental, or related thereto) shall be paid by the Trust from the Trust Assets prior to any Distribution to the Beneficiaries. The terms of the compensation of the Plan Trustee and the timing and manner of payment are set forth on Exhibit A hereto.

**Section 8.09        Appointment of Supplemental Trustee**. Subject to **Section** _____ of this Agreement, if the Plan Trustee has a conflict or any of the Trust Assets are situated in any state or other jurisdiction in which the Plan Trustee is not qualified to act as trustee, the Plan Trustee shall nominate and appoint a Person duly qualified to act as trustee (the **"Supplemental Trustee"**) in such state or jurisdiction and require from each such Supplemental Trustee such security as may be designated by the Plan Trustee in its discretion. The Plan Trustee may confer upon such Supplemental Trustee all of the rights, powers, privileges, and duties of the Plan Trustee hereunder, subject to the conditions and limitations of this Agreement, except as modified or limited by the laws of the applicable state or other jurisdiction (in which case, the laws of the state or other jurisdiction in which such Supplemental Trustee is acting shall prevail to the extent necessary). The Plan Trustee shall require such Supplemental Trustee to be answerable to the Plan Trustee for all monies, assets, and other property that may be received in connection with the administration of all the Trust Assets by the Supplemental Trustee. Subject to **Section** _____ of this Agreement, the Plan Trustee may remove such Supplemental Trustee, with or without cause, and appoint a successor Supplemental Trustee at any time by executing a written instrument declaring such Supplemental Trustee removed from office and specifying the effective date and time of removal.

## ARTICLE IX

### Trust Duration

**Section 9.01        Duration**. Once the Trust becomes effective upon the Effective Date of the Plan, the Trust and this Agreement shall remain and continue in full force and effect until the Trust is terminated.

**Section 9.02        Termination on Payment of Trust Expenses and Distribution of Trust Assets**. Upon the payment of all costs, expenses, and obligations incurred in connection with administering the Trust, and the Distribution of all Trust Assets in accordance with the provisions of the Plan, the Confirmation Order, and this Agreement, the Trust shall terminate and the Plan Trustee shall have no further responsibility in connection therewith except as may be required to effectuate such termination under relevant law.

**Section 9.03        Termination After Five Years**. If the Trust has not been previously terminated pursuant to Section 9.02 hereof, on the fifth anniversary of the Effective Date, and unless the Trust term has been extended in accordance with section Article VII of the Plan (such extension to be approved by the Bankruptcy Court within six months of the beginning of the extended term), the Plan Trustee shall distribute all of the Trust Assets to the Beneficiaries in accordance with the Plan, and immediately thereafter the Trust shall terminate and the Plan Trustee shall have no further responsibility in connection therewith except to the limited extent set forth in Section 9.05 of this Agreement.

**Section 9.04      No Termination by Beneficiaries**. The Trust may not be terminated at any time by the Beneficiaries.

**Section 9.05      Continuance of Trust for Winding Up; Discharge and Release of Trustee**. After the termination of the Trust and solely for the purpose of liquidating and winding up the affairs of the Trust, the Plan Trustee shall continue to act as such until its responsibilities have been fully performed. Except as otherwise specifically provided herein, upon the Distribution of the Trust Assets including all excess reserves, the Plan Trustee, and the Trust's professionals and agents shall be deemed discharged under this Agreement and have no further duties or obligations hereunder. Upon a motion by the Plan Trustee, the Bankruptcy Court may enter an order relieving the Plan Trustee, its employees, and the Trust's professionals and agents of any further duties, discharging and releasing the Plan Trustee from all liability related to the Trust, and releasing the Plan Trustee's bond, if any.

## ARTICLE X

### Cooperation

**Section 10.01      Cooperation with Reorganized Debtor.** The Plan Trustee is and shall be authorized to consult with the Reorganized Debtor regarding implementation of the Plan, access to information about the Debtor and any other matters that the Plan Trustee determines, in the exercise of its reasonable business judgment, necessary to carry out the purpose of the Plan Trust.  For its part, the Reorganized Debtor agrees to reasonably cooperate with the Plan Trustee regarding the foregoing. For the avoidance of doubt, nothing contained in this section 10.01 shall require the Plan Trustee to take direction from the Reorganized Debtor or the Reorganized Debtor from taking direction from the Plan Trustee.

## ARTICLE XI

### Miscellaneous

**Section 11.01      Cumulative Rights and Remedies**. The rights and remedies provided in this Agreement are cumulative and not exclusive of any rights and remedies under law or in equity.

**Section 11.02      Notices**. All notices to be given to Beneficiaries may be given by ordinary mail, or may be delivered personally, to the Holders at the addresses appearing on the books kept by the Plan Trustee. Any notice or other communication which may be or is required to be given, served, or sent to the Plan Trustee shall be in writing and shall be sent by registered or certified United States mail, return receipt requested, postage prepaid, or transmitted by hand delivery or facsimile (if receipt is confirmed) addressed as follows:

(a) If to the Trust or the Plan Trustee:

Glass Ratner

[add address]

with a copy to its counsel:

Marc Skapof
Royer Cooper Cohen Braunfeld LLC
1120 Avenue of the Americas, 4th FL
New York, New York 10036

(212) 994-0452
mskapof@rccblaw.com

or to such other address as may from time to time be provided in written notice by the Plan Trustee.

**Section 11.03     Governing Law**. This Agreement shall be governed by and construed in accordance with the laws of the State of New York, without giving effect to rules governing the conflict of laws.

**Section 11.04     Successors and Assigns**. This Agreement shall inure to the benefit of and shall be binding upon the Parties and their respective successors and assigns.

**Section 11.05     Particular Words**. Reference in this Agreement to any Section or Article is, unless otherwise specified, to that such Section or Article under this Agreement. The words "hereof," "herein," and similar terms shall refer to this Agreement and not to any particular Section or Article of this Agreement.

**Section 11.06     Execution**. All funds in the Trust shall be deemed in *custodia legis* until such times as the funds have actually been paid to or for the benefit of a Beneficiary, and no Beneficiary or any other Person can execute upon, garnish or attach the Trust Assets or the Plan Trustee in any manner or compel payment from the Trust except by final order of the Bankruptcy Court. Payments will be solely governed by the Plan and this Agreement.

**Section 11.07     Amendment**. This Agreement may be amended by written agreement of the Plan Trustee and the Reorganized Debtor with or without an order of the Bankruptcy Court; provided, however, that such amendment may not be inconsistent with the Plan or  Confirmation Order.

**Section 11.08     No Waiver**. No failure or delay of any party to exercise any right or remedy pursuant to this Agreement shall affect such right or remedy or constitute a waiver thereof.

**Section 11.09     No Relationship Created**. Nothing contained herein shall be construed to constitute any relationship created by this Agreement as an association, partnership, or joint venture of any kind.

**Section 11.10     Severability**. If any term, provision, covenant, or restriction contained in this Agreement is held by a court of competent jurisdiction or other authority to be invalid, void, unenforceable, or against its regulatory policy, the remainder of the terms, provisions, covenants, and restrictions contained in this Agreement shall remain in full force and effect and shall in no way be affected, impaired, or invalidated.

**Section 11.11     Further Assurances**. Without limitation of the generality of Section 3.04 of this Agreement, the Parties agree to execute and deliver all such documents and notices and to take all such further actions as may reasonably be required from time to time to carry out the intent and purposes and provide for the full implementation of this Agreement and the pertinent provisions of the Plan, and to consummate the transactions contemplated hereby.

**Section 11.12     Counterparts**. This Agreement may be executed simultaneously in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**Section 11.13     Jurisdiction**. The Bankruptcy Court shall have jurisdiction over the Trust, Trustee, and Trust Assets, including, without limitation, the determination of all disputes arising out of or related to administration of the Trust. The Bankruptcy Court shall have exclusive jurisdiction

and venue to hear and finally determine all matters among the Parties arising out of or related to this Agreement or the administration of the Trust.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement as of the date set forth above.


Firstbase.io, Inc, Reorganized Debtor    Plan Trustee

By [*/s/ {NAME}*]    By [*/s/ {NAME}*]

Name: {NAME}    Name: {NAME}

Title: {TITLE}    Title: {TITLE}

## EXHIBIT A

### TERMS OF COMPENSATION OF TRUSTEE

- <u>Compensation</u>. In consideration for the services of the Plan Trustee under this Agreement, the Plan Trustee shall receive the following compensation from the Trust Assets: (a) start-up costs not to exceed ${AMOUNT}; (b) a monthly fee of ${AMOUNT}; and (c) reimbursement of reasonable and necessary expenses, including payment of all fees and expenses of the Plan Trustee's attorneys incurred in drafting, reviewing, revising, negotiating, and executing this Agreement, the Plan, Confirmation Order, and any related documents.

- <u>Payment of Monthly Fee and Start-Up Costs; Full Fee for Initial Month</u>. The Plan Trustee's monthly fee, together with payment of any start-up costs and expenses under the above paragraph, shall be payable out of the Trust Assets beginning on the Effective Date and continuing thereafter until the Plan Trustee is discharged. The first monthly fee shall be incurred immediately on the Confirmation Date, but not payable until the appointment of the Plan Trustee on the Effective Date. The Plan Trustee shall be entitled to payment of its entire monthly fee, without prorating, for and beginning with the month in which the Plan Trustee is appointed.

- <u>Means and Timing of Payment</u>. The Plan Trustee's monthly fee shall be automatically paid in advance by wire transfer or equivalent electronic means in the Plan Trustee's discretion on the Effective Date and thereafter on the first day of each month though and including the month in which the Plan Trustee is discharged.