**ROYER COOPER COHEN BRAUNFELD LLC**
**Marc Hirschfield, Esquire**
1120 Avenue of the Americas, 4th Floor
New York, New York 10036-6700
Telephone: (212) 994-0451
Email: mhirschfield@rccblaw.com
**Marc Skapof, Esquire**
Telephone:(212) 994-0452
Email: mskapof@rccblaw.com
**Matthew Faranda-Diedrich, Esquire\***
**Three Logan Square**
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
Telephone: (267) 546-0275
Email: mfd@rccblaw.com
**Frank H. Toub, Esquire\*\***
Telephone: (267) 546-0205
Email: ftoub@rccblaw.com
**\*Admitted** *Pro Hac Vice*
**\*\****Pro Hac Vice* **Application Pending**
*Counsel to Creditor, Harbor Business Compliance Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | Hearing Date: October 23, 2025 |
| | : | |

**HARBOR BUSINESS COMPLIANCE CORPORATION'S OBJECTION
TO DEBTOR'S MOTION SEEKING APPROVAL AND AUTHORITY TO ENTER INTO
STIPULATIONS AND ORDERS BY AND BETWEEN THE DEBTOR AND DILWORTH
PAXSON LLP, JURISLOGIC LLC AND STENN ASSETS USA INC. CONDITIONALLY
RESOLVING THEIR RESPECTIVE PRE-PETITION CLAIMS PURSUANT TO FED. R.
BANKR. P. 9019 (ECF NO. 210)**

Harbor Business Compliance Corporation ("Harbor Compliance"), by and through its undersigned counsel, hereby submits its Objection (the "Objection") to the above-captioned debtor and debtor-in-possession's ("Debtor") Motion Seeking Approval and Authority to Enter into Stipulations and Orders by and between the Debtor and Dilworth Paxson LLP ("Dilworth"),

1

JurisLogic LLC ("JurisLogic") and Stenn Assets USA Inc. ("Stenn") Conditionally Resolving Their Respective Pre-Petition Claims Pursuant To Fed. R. Bankr. P. 9019 (the "Rule 9019 Motion") and to the Stipulations (the "Stipulations") annexed thereto as Exhibit A, in the instant chapter 11 case (the "Chapter 11 Case"). In support of its Objection and in opposition to the Motion, Harbor Compliance respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

1. As a threshold matter, the Debtor's proposed Stipulations are premature and contingent on the Court confirming an at present hypothetical plan of reorganization at some unknown time—an invitation this Court should decline.

2. Importantly, approving the Stipulations would allow the Debtor to evade the confirmation requirements and protections of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). If chapter 11 means anything, it should mean that Debtor cannot side-step the plan process so easily and effortlessly, including by potentially locking up the votes of three of its unsecured creditors without even providing the necessary notice and other procedural safeguards that accompany the filing of a disclosure statement and plan. In any case, all that the Debtor has presented at this point, is a hypothetical plan.

3. Moreover, the conditional nature of the Stipulations means that they provide no current and measurable value that the Court can use to assess the benefits of a settlement with Dilworth, Stenn and JurisLogic. Thus, even if the Stipulations are viewed under Rule 9019 of the Federal Rules of Bankruptcy Procedure ("Rule 9019"), these agreements are not in the best interest of the Debtor's estate and the other creditors whether under Debtor's hypothetical plan or otherwise. For at least these reasons, the Court should not approve these premature Stipulations.

## II. RELEVANT BACKGROUND

4. On September 25, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"). [ECF No.1].

5. For over a year, Debtor took no action to file a plan of reorganization in accordance with chapter 11.

6. Significantly, in its Rule 9019 Motion, Debtor alluded to proposing a plan. [ECF No. 210 at ¶¶ 11, 12, 16]. Specifically, in its Rule 9019 Motion, the Debtor maintains that should Dilworth, Stenn and JurisLogic accept the terms of Debtor's proposed Stipulations, then the claims of these three unsecured creditors would be reduced by sixty percent (60%) "in the event that the Debtor proposes a Plan...which is confirmed by this Court." [*Id*. at ¶¶ 12, 24.]

7. To convince the Court that the Debtor's Stipulations are in accord with Rule 9019, the Debtor also maintains that the Stipulations are the result of arm's length negotiations and ostensibly in the best interests of the Debtor, the estate, and creditors. [*Id*. at ¶¶ 26-27.]

8. In the interim, and as the Court is well aware, on September 15, 2025, Harbor Compliance timely filed its proposed Chapter 11 Plan of Debtor (the "Harbor Compliance Plan") and accompanying Disclosure Statement (the "Harbor Compliance Disclosure Statement"). [ECF No. 194].

9. On the same date, the Court approved Harbor's Disclosure Statement, and set October 20, 2025 as the confirmation hearing date for the Harbor Compliance Plan. [ECF No. 196].

10. The voting procedures set forth in the Harbor Compliance Disclosure Statement allowed eligible voters to accept or reject the Harbor Compliance Plan until 5 p.m. Eastern Prevailing Time on October 13, 2025. [ECF No. 194 at 12.]. On this very same day, and a mere

seven days from Harbor Compliance's confirmation hearing date, Debtor filed its purported disclosure statement ("Debtor's Purported Disclosure Statement") and plan for reorganization ("Debtor's Purported Plan"), but without providing the requisite notice to creditors and other parties in interest. [ECF No. 237]. Thus, at present, the Court cannot (and could not) approve Debtor's Purported Disclosure Statement, much less the Stipulations in view of Debtor's Purported Plan and for the additional reasons articulated below.

### III. ARGUMENT

#### A. Debtor's Rule 9019 Motion Is Premature And Should Not Be Considered By The Court

11. This Court should summarily deny the Debtor's Rule 9019 Motion because the proposed Stipulations should not and cannot be considered outside of the context of an actual and *viable* chapter 11 plan. As set forth in the Rule 9019 Motion, reduction of the Dilworth, Stenn and JurisLogic Claims by sixty percent (60%) is contingent on the Debtor's Purported Plan yet the Debtor's Purported Plan is itself subject to contingencies, namely that the Debtor is planning on entering into a third-party agreement with an entity named Recruiter.com Ventures Inc. ("Recruiter.com"), to fund Debtor's ostensible reorganization, without which Debtor's Purported Plan would remain a pipe dream. [ECF 237 at Ex. A]. Entering into an agreement with Recruiter.com may or may not come to pass and even if the Court were to somehow excuse Debtor's notice obligations with respect to the filing of Debtor's Purported Disclosure Statement (which it should not do), *at present*, the Debtor's Purported Plan can only be characterized as imaginary -- at best.

12. As a consequence, it is premature for the Court to consider and approve Stipulations that hinge on Debtor's Purported Plan. *Cf. In re Apex Oil Co.*, 111 B.R. 245 (Bankr. E.D. Mo.

4

1990) (plan opponent may not present or suggest alternate plan that has not been subjected to judicial scrutiny regarding the adequacy of disclosure).

13.  The Stipulations, by their express terms, describe exactly what Dilworth, Stenn and JurisLogic would receive *if* any plan of reorganization proposed by the Debtor is confirmed, and as such, any approval of these Stipulations should wait until such time as *when* the Debtor puts forth a plan for confirmation that is viable and not itself subject to a series of *ifs*– that time is not now. *See, e.g., In re Nunez*, No. 98-CV-7077 (CBA), 2000 WL 655983, at *6 (E.D.N.Y. Mar. 17, 2000) (noting that just like Article III courts, bankruptcy courts cannot issue advisory opinions); *In re Adelphia Commc'ns Corp.*, 307 B.R. 432, 440–41 (Bankr. S.D.N.Y. 2004) (agreeing that bankruptcy courts would be beset with requests for numerous advisory opinions, many of which ultimately would have no practical application).

### B.  The Stipulations Amount To A *Sub Rosa* Plan

14.  Importantly, while the Court can approve certain pre-plan settlements, the Court cannot authorize settlements under Rule 9019 if such proposals result in a *sub rosa* plan of reorganization or that otherwise create pre-plan transactions that predetermine or dictate the terms of a chapter 11 plan and subvert the safeguards of the Bankruptcy Code. *See, e.g., Motorola, Inc. v. Off. Comm. of Unsecured Creditors* (*In re Iridium Operating LLC*), 478 F.3d 452, 466 (2d Cir. 2007)), *aff'd*, 734 F. App'x 68 (2d Cir. 2018) (stating generally that trustee is prohibited from actions that would amount to *sub rosa* plan); *Matter of Cajun Elec. Power Co-op., Inc.,* 119 F.3d 349, 354 (5th Cir. 1997) (a debtor in possession cannot enter a settlement "if the result amounts to a sub rosa plan of reorganization"); *Pension Benefit Guar. Corp. v. Braniff Airways, Inc. (In re Braniff Airways, Inc.)*, 700 F.2d 935, 940 (5th Cir. 1983) ("The debtor and the Bankruptcy Court should not be able to short circuit the requirements of Chapter 11 for confirmation of a reorganization plan by establishing the terms of the plan *sub rosa*...."); *see also In re Global Vision*

*Prods., Inc.,* Nos. 07 Cv. 12628 (RDD), 09 Cv. 374 (BSJ), 2009 WL 2170253, at *7 (S.D.N.Y. July 14, 2009) (agreement was a *sub rosa* plan where it had the practical effect of dictating some of the terms of any future reorganization plan).

15. Without a doubt, the Debtor's Stipulations together constitute a *sub rosa* plan if there ever was one because the proposed Stipulations require Dilworth, Stenn and JurisLogic to agree to the Debtor's payment terms in full satisfaction of their claims, but only in the event that Debtor's Purported Plan is confirmed. The conditioning of these concessions from Dilworth, Stenn Assets and JurisLogic on a speculative confirmation improperly (and prematurely) locks the estate into a particular plan mode, whereby only the ostensible needs of just these three creditors have been addressed and with no context as to how the Debtor Purported Plan, already dubious to begin with, affects other creditors (including Harbor Compliance) and interested parties and the estate as a whole. In other words, approving the Stipulations would allow the Debtor to contravene the statutory process for allowance of claims and the confirmation of a plan under sections 502 and 1129 of the Bankruptcy Code, including the procedural safeguards surrounding a disclosure statement and the confirmation hearing itself, and no matter how facially benevolent a sixty percent (60%) reduction of prepetition claims may sound. *Cf. In re Crowthers McCall Pattern, Inc.,* 114 B.R. 877, 885 (Bankr. S.D.N.Y. 1990) ("transaction which would effect a lock-up of the terms of a plan will not be permitted") (internal citations omitted); *In re Public Serv. Co. of New Hampshire*, 90 B.R. 575, 581 (Bankr. D. N.H. 1988) (denying debtor's proposal to enter into transactions out of ordinary course of business that would "improperly and indirectly lock the estate into any particular plan mode prematurely, and without the protection afforded by the procedures surrounding a disclosure statement and confirmation hearing, in a plan of reorganization").

16. The impermissible *quid pro quo* nature of the Stipulations' terms also has the potential of locking up votes even before the Court has addressed Debtor's notice deficiencies and the general adequacy of Debtor's Purported Disclosure Statement. Indeed, the proposed Stipulations have the effect of obligating Dilworth, Stenn and JurisLogic to vote in favor of Debtor's Purported Plan and in short, amounts to the improper solicitation of votes prior to the Court's approval of a disclosure statement. This is impermissible under 11 U.S.C.A. § 1125(b), which unequivocally provides, in relevant part, that no solicitation may take place before the Court has approved a disclosure statement.

17. The Stipulations likely also had the effect of improperly influencing Dilworth, Stenn Assets and JurisLogic from abstaining from or voting against Harbor Compliance's proposed plan, which at present is the *only* viable plan put forth by any party in this case. *Cf. In re Texaco Inc.*, 81 B.R. 813 (Bankr. S.D. N.Y. 1988) (settlement agreement between debtor and creditor wherein creditor agreed to help obtain confirmation of debtor's plan and not to vote for any competing plan was held not to constitute a solicitation *because no other plan was on file at the time the agreement was entered into*) (emphasis added); *see also* 11 U.S.C.A. § 1126(e); *In re Quigley Co., Inc.* 437 B.R. 102, 130-31 (Bankr. S.D.N.Y. 2010) (stating that 11 U.S.C. § 1126(e) provides a basis to designate, without regard to the creditor's motive, where the vote is 'solicited or procured' in bad faith and grants the bankruptcy court discretion to sanction any conduct that taints the voting process, whether it violates a specific provision or is in bad faith).

### C. Even If Viewed Under Rule 9019 The Stipulations Are Not In The Best Interest Of The Debtor's Estate

18. If the Court were to consider the merits of the Stipulations now, under Rule 9019 the Court would be required to find that the Stipulations are "fair and equitable" and in the best interests of the Debtor's estate for the Stipulations to be approved. *In re Iridium Operating LLC,*

478 F.3d at 455 (listing the so-called *Iridium* factors considered by courts in this Circuit to determine whether a proposal under Rule 9019 is "fair and equitable"); *In re NII Holdings, Inc.*, 536 B.R. 61, 98 (Bankr. S.D.N.Y. 2015) (citing *Protective Comm. for Indep. S'holders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)).

19.     Here, because any reductions in the unsecured claims held by Dilworth, JurisLogic and Stenn Assets are conditional, and therefore yield neither an immediate nor tangible reduction in the Debtor's pre-petition claims, these Stipulations provide no current and measurable value that the Court can use to assess the benefits of settlement with these three creditors against litigation risks and costs.[1] *See Iridium Operating LLC*, 478 F.3d at 462-465. As a consequence, the Court cannot possibly conclude that the Stipulations are "fair and equitable" and in the best interests of the Debtor's estate, and other creditors, including Harbor Compliance. In any case, aside from a perfunctory recitation that the Stipulations are in the best interests of the Debtor, its creditors and the estate, and are the products of arm's length negotiations between the relevant parties and their respective counsel, the Rule 9019 Motion itself is too spare and does not provide either the Court or Harbor Compliance with an adequate factual record to properly and fully assess the *Iridium* factors.

---

[1] Harbor Compliance notes that litigation risks include the prosecution of the preference appeal pending as *In re Firstbase.io, Inc. (Harbor Business Compliance Corporation v. Firstbase.io, Inc.)*, Case No. 1:25-cv-04717-LAK in the United States District Court for the Southern District of New York and Harbor Compliance's declaratory judgement adversary complaint styled *Harbor Business Compliance Corporation v. Firstbase.io, Inc. et al.*, Case No. 25-01032-lgb, pending in this Court, which may push the estate into administrative insolvency and, if Harbor Compliance were to prevail on either one, this would make any plan proposed by the Debtor unconfirmable without Harbor Compliance's consent. In addition, Harbor Compliance could elect a new partial trial to calculate Harbor Compliance's damages due to Debtor's trade secret misappropriation in *Harbor Business Compliance Corporation v. Firstbase.io, Inc.*, Case No. 5:23-cv-0802 pending in the Eastern District of Pennsylvania, and in accordance with the Third Circuit Court of Appeals' remand (s*ee Harbor Business Compliance Corporation v. Firstbase.io, Inc.*, Case No. 25-1278), and which would further undermine any ostensible "benefit" these settlements offer.

**D. If Approved The Stipulations Should Apply To All Proposed Plans**

20.     Lastly, should the Court approve the Stipulations, Harbor Compliance requests that the terms of the Stipulations apply to *any* proposed plan that is confirmed, including Harbor Compliance's Plan. The Debtor and Dilworth, JurisLogic and Stenn should not be allowed to make selective pre-plan compromises that only apply to Debtor's Purported Plan.

**IV.     CONCLUSION**

For all of the foregoing reasons, the Debtor's request for approval of the Stipulations pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure should be denied.

Respectfully submitted,

**ROYER COOPER COHEN BRAUNFELD LLC**

Dated: October 16, 2025

By: */s/ Marc Skapof*
Marc Hirschfield, Esquire
1120 Avenue of the Americas, 4th Floor
New York, New York 10036-6700
T: (212) 994-0452; F: (484) 362-2630
E: mhirschfield@rccblaw.com
Marc Skapof, Esquire
T: (212) 994-0452; F: (484) 362-2630
Email: mskapof@rccblaw.com

Matthew Faranda-Diedrich, Esquire*
Frank H. Toub, Esquire **
Three Logan Square
1717 Arch Street, 47th Floor
Philadelphia, PA 19103
T: (215) 839-1000; F: (484) 362-2630
E: mfd@rccblaw.com
E: ftoub@rccblaw.com
* Admitted *Pro Hac Vice*
** *Pro Hac Vice* Application Pending

*Attorneys for Creditor, Harbor Business Compliance Corporation*

**ROYER COOPER COHEN BRAUNFELD LLC**
**Marc Hirschfield, Esquire**
**1120 Avenue of the Americas, 4th Floor**
**New York, New York 10036-6700**
**Telephone: (212) 994-0451**
**Email: mhirschfield@rccblaw.com**
**Marc Skapof, Esquire**
**Telephone:(212) 994-0452**
**Email: mskapof@rccblaw.com**
**Matthew Faranda-Diedrich, Esquire***
**Three Logan Square**
**1717 Arch Street, 47th Floor**
**Philadelphia, PA 19103**
**Telephone: (267) 546-0275**
**Email: mfd@rccblaw.com**
**Frank H. Toub, Esquire****
**Telephone: (267) 546-0205**
**Email: ftoub@rccblaw.com**
**\*Admitted** *Pro Hac Vice*
**\*\****Pro Hac Vice* **Application Pending**
*Counsel to Creditor, Harbor Business Compliance Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | |
| | : | |

## **CERTIFICATE OF SERVICE**

I, Marc Skapof, do here by affirm under penalty of perjury, that I am not a party to the action and am over 18 years of age and a partner at the law firm of Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, New York 10036.

On this date, I caused to be served a true and correct copy of Creditor, Harbor Business Compliance Corporation's Objection to Debtor's Motion Seeking Approval and Authority to Enter into Stipulations and Orders by and between The Debtor and Dilworth Paxson LLP, Jurislogic

1

LLC, and Stenn Assets USA Inc. Conditionally resolving their Respective Pre-Petition Claims, directly to Chambers via Federal Express Priority Overnight and as follows:

*Via ECF and/or Email*

Kirby Aisner & Curley LLP
Attn: Dawn Kirby, Esq.
700 Post Road, Suite 237
Scarsdale, New York 10583

U.S. Trustee
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Date: October 16, 2025                             */s/ Marc Skapof*
                                                    Marc Skapof, Esquire