Docusign Envelope ID: 9F16C8AA-2A2C-4754-A243-5B2CE62D5BB5

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | |
| | : | |

### DECLARATION OF MICHAEL MONTALI OF HARBOR BUSINESS COMPLIANCE CORPORATION CONCERNING FAILURE TO CONFIRM HARBOR BUSINESS COMPLIANCE CORPORATION'S PLAN OF REORGANIZATION OF THE DEBTOR

Harbor Business Compliance Corporation ("Harbor Compliance") respectfully submits this declaration with respect to the Second Amended Chapter 11 Plan of Firstbase.io, Inc. proposed by Harbor Business Compliance Corporation [ECF No. 272] (the "Plan"). I, Michael Montali, declare, under penalty of perjury, as follows:

1.      I am the Chief Executive Officer of Harbor Compliance. I am over the age of 18 years.

2.      I have read and reviewed the Declaration of Mark Milastsivy Concerning the Status of a Potential Sale Contract and Escrow Arrangement [ECF No. 275] (the "Milastsivy Declaration").

3.      I was present in the courtroom during the confirmation hearing on the Plan when the Court questioned Mr. Milastsivy regarding certain statements in his sworn Declaration in Support of Debtor's Objection to the Plan [ECF No. 233]. I recall the Court questioning Mr. Milastsivy's criticism of the Plan for failing to assume certain vendor contracts, [ECF No. 233 ¶ 11], considering those vendor contracts were not listed in the Debtor's schedules [ECF No. 14] which Mr. Milastsivy executed under penalty of perjury. In court, Mr. Milastsivy could only identify one contract (Bookmate Corporation) on the Schedule of Executory Contracts and

Unexpired Leases that the Plan did not propose to assume, which he believed Harbor Compliance needed to assume. I also recall that the Court questioned his testimony regarding the assumption of customer contracts, despite the fact that no customer contracts were ever listed in the Debtor's schedules [ECF No. 14].

4.    I was also present in the courtroom during the confirmation hearing on the Plan when Mr. Milastsivy testified that he believed he had a duty to act in the best interests of the shareholders of the Debtor, which Harbor Compliance believes to be a derogation of his fiduciary duty to the bankruptcy estate.

5.    I am familiar with the Plan, and Harbor Compliance's strategy connected with the Plan. I submit this declaration to prove this Court with additional information in response to the Milastsivy Declaration and to clarify Harbor Compliance's plans in the event the Plan is not confirmed by the Court, specifically in regard to the (1) Plan Proponent Settlement, (2) Plan Proponent Plan Trust Contribution, and (3) the outstanding issue of appointment of an examiner.

6.    First, the Plan Proponent Settlement, which is an integral component of the Plan, refers to various litigations involving the Debtor and/or Harbor Compliance, including: (i) *Harbor Business Compliance Corporation v. Firstbase.io, Inc*., Case No. 5:23-cv-0802 pending in the Eastern District of Pennsylvania in connection with the Third Circuit Court of Appeals' remand for a new trial to calculate the Plan Proponent's damages due to Debtor's trade secret misappropriation (*see Harbor Business Compliance Corporation v. Firstbase.io, Inc*., Case No. 25-1278) (the "Underlying Litigation"); (ii) the Plan Proponent's appeal styled *In re Firstbase.io, Inc.* (*Harbor Business Compliance Corporation v. Firstbase.io, Inc*.), Case No. 1:25-cv-04717-LAK pending in the United States District Court for the Southern District of New York (the "Preference Appeal"); and (iii) the Plan Proponent's adversary complaint styled *Harbor Business*

Docusign Envelope ID: 9F46C9AA-2A2C-4754-A243-5B2CE62D5BD5

*Compliance Corporation v. Firstbase.io, Inc. et al*, Case No. 25-01032-lgb pending in the United States Bankruptcy Court, Southern District of New York (the "<u>Adversary Action</u>").

7.      With regard to the Underlying Litigation, if the Plan is not confirmed, consistent with the opinion from the Third Circuit Court of Appeals, Harbor Compliance intends to pursue a new trial to determine Harbor Compliance's damages due to the Debtor's trade secret misappropriation. Harbor Compliance understands its damages for its trade secret misappropriation could reach $38,700,000 (before interest) based upon its unrealized revenue due to the Debtor's conduct, bringing its total claim to almost $60,000,000. With regard to the Preference Appeal, if the Plan is not confirmed, Harbor Compliance intends to resume prosecuting its appeal. Should Harbor Compliance succeed in the Preference Appeal, its judgment would be the only secured claim in this chapter 11 case. With regard to the Adversary Action, if the Plan is not confirmed, Harbor Compliance intends to resume prosecuting the Adversary Action seeking a declaratory judgment that Firstbase Start and Firstbase Agent belong to Harbor Compliance. In addition, based on the testimony of Mr. Milastsivy at trial, Harbor Compliance intends to seek leave of the Court to include claims against Mr. Milastsivy for his breach of fiduciary duty to the estate by acting on behalf of the shareholders of the Debtor.

8.      In summary, if the Plan is not confirmed, Harbor Compliance will not only revoke the Plan Proponent Settlement outlined in the Plan, but Harbor Compliance will resume pursuing the various cases litigations adverse to the Debtor, which could (1) result in its claim almost tripling as compared the amount allowed in the Plan, (2) revive the secured status of its claim, (3) result in a declaration that Firstbase Start and Firstbase Agent are not estate assets, and (4) result in new claims against Mr. Milastsivy.

Docusign Envelope ID: 9F16C8AA-2A2C-4754-A243-5B2CE62D5BB5

9.      Second, the Plan Proponent Plan Trust Contribution refers to "an equity contribution by the Plan Proponent in Cash to the Plan Trust on or about the Effective Date in an amount equal to the [the shortfall in Cash held by the Plan Trust on the Effective Date needed for the Plan Trust to fund the payment of (i) Allowed Administrative Expenses, (ii) Class 2 claims as set forth herein, (iii) Class 3 claims in an amount equal to three percent of the Allowed amount of such Class 3 claims, and (iv) Class 5 claims as set forth herein]." Each passing day, the Debtor incurs further administrative fees and, if the recent trend continues, its cash-on-hand balance dwindles. Because Harbor Compliance has agreed to fund the shortfall in cash, each day that passes without confirmation of the Plan effectively increases Harbor Compliance's necessary contribution.

10.      But Harbor Compliance agreed to make the Plan Proponent Plan Trust Contribution to fund the Plan now, not after the Debtor, acting only at the eleventh hour, exhausts every and any other possible outcome in this case. Harbor Compliance will not write a blank check and allow the Debtor to incur additional administrative fees while it attempts to confirm a competing plan or run a sale process under the assumption that Harbor Compliance, through its Plan, will cover the administrative costs when the Debtor's exploration of other outcomes fizzles out. Harbor Compliance's Plan should not be seen as one option among many—because it is not. Harbor Compliance's Plan is the *only* confirmable plan before this Court and the product of Harbor Compliance taking the initiative to drag the Debtor, seemingly against its will, out of bankruptcy.

11.      If this Court is inclined to grant the Debtor additional time to explore other options, such as a competing plan or sale process, Harbor Compliance will withdraw the Plan and will not make an offer to fund the administrative fees in the future. Rather, Harbor Compliance, in all likelihood, will move to convert this case to a chapter 7 liquidation due to the Debtor's

Docusign Envelope ID: 9F46C9AA-2A2C-4754-A243-5B2CF62D5BB5

administrative insolvency because of the ever-rising administrative fees in this case and the Debtor's dwindling cash-on-hand balance. As this Court stated many, many times, a chapter 7 result is not good for anyone in this case, but absent confirmation of the Plan, Harbor Compliance believes it is inevitable.

12.     Third, on May 27, 2025, this Court held a hearing on Harbor Compliance's Motion to Appoint an Examiner [ECF No. 123-1]. The Court agreed that appointment of an examiner in this case was mandatory, but deferred ruling on the motion until further briefing from Harbor Compliance and the Debtor on the scope of the investigation and the cap on such fees. Because Harbor Compliance and the Debtor were pursuing mediation, the parties agreed to forgo additional briefing for the time being. Those mediation efforts have ceased, and Harbor Compliance intends to file the further briefing ordered by this Court on the scope of such examiner's investigation, especially in regard to Mr. Milastsivy's testimony regarding his execution of his fiduciary duties in this chapter 11 case.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: October 28, 2025
Nashville, Tennessee

DocuSigned by:

*Mike Montali, CEO*

BBF7C90FD1274EE...

Michael Montali
Chief Executive Officer
Harbor Business Compliance Corporation

**ROYER COOPER COHEN BRAUNFELD LLC**
**Marc Hirschfield, Esquire**
**1120 Avenue of the Americas, 4th Floor**
**New York, New York 10036-6700**
**Telephone: (212) 994-0451**
**Email: mhirschfield@rccblaw.com**
**Marc Skapof, Esquire**
**Telephone:(212) 994-0452**
**Email: mskapof@rccblaw.com**
**Matthew Faranda-Diedrich, Esquire***
**Three Logan Square**
**1717 Arch Street, 47th Floor**
**Philadelphia, PA 19103**
**Telephone: (267) 546-0275**
**Email: mfd@rccblaw.com**
**Frank H. Toub, Esquire****
**Telephone: (267) 546-0205**
**Email: ftoub@rccblaw.com**
***Admitted *Pro Hac Vice***
*****Pro Hac Vice** Application Pending*
*Counsel to Creditor, Harbor Business Compliance*
*Corporation*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | |
| | : | |

### <u>CERTIFICATE OF SERVICE</u>

I, Marc Skapof, do here by affirm under penalty of perjury, that I am not a party to the

action and am over 18 years of age and a partner at the law firm of Royer Cooper Cohen Braunfeld

LLC, 1120 Avenue of the Americas, 4th Floor, New York, New York 10036.

On this date, I caused to be served a true and correct copy of the foregoing Declaration of

Michael Montali as follows:

*Via ECF*

Kirby Aisner & Curley LLP
Attn: Dawn Kirby, Esq.
700 Post Road, Suite 237
Scarsdale, New York 10583


U.S. Trustee
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Date: October 28, 2025

*/s/ Marc Skapof*
Marc Skapof, Esquire