**ROYER COOPER COHEN BRAUNFELD LLC**
**Marc Hirschfield, Esquire**
1120 Avenue of the Americas, 4th Floor
New York, New York 10036-6700
Telephone: (212) 994-0451
Email: mhirschfield@rccblaw.com
**Marc Skapof, Esquire**
Telephone: (212) 994-0452
Email: mskapof@rccblaw.com
**Matthew Faranda-Diedrich, Esquire***
**Frank Toub, Esquire***
Three Logan Square
1717 Arch Street, Suite 4700
Philadelphia, PA 19103
Telephone: (215) 839-1000
Email: mfd@rccblaw.com
*Admitted *Pro Hac Vice*
*Counsel to Creditor, Harbor Business Compliance Corporation*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | Hearing Date: January 8, 2026 |
| | : | 10:00 am |

**HARBOR BUSINESS COMPLIANCE CORPORATION'S OBJECTION TO THE (I) THIRD INTERIM FEE APPLICATION; AND (II) FINAL FEE APPLICATION OF QUINN EMANUEL URQUHART & SULLIVAN, LLP FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES INCURRED AS SPECIAL LITIGATION COUNSEL FOR THE PERIOD SEPTEMBER 1, 2025, THROUGH NOVEMBER 20, 2025 (ECF NO. 337)**

Harbor Business Compliance Corporation ("Harbor Compliance"), by and through its undersigned counsel, hereby submits its Objection (the "Objection") to the (I) Third Interim Fee Application; and (II) Final Fee Application of Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") for Allowance of Compensation and Reimbursement of Expenses Incurred as Special Litigation Counsel for the Period September 1, 2025 through November 20, 2025 [ECF No. 337],

1

(the "Fee Application") in the above-captioned debtor and debtor-in-possession's ("Debtor") chapter 11 case (the "Chapter 11 Case"). In support of its Objection and in opposition to the Fee Application, Harbor Compliance respectfully represents as follows:

### I. PRELIMINARY STATEMENT

1. At the very beginning of this Chapter 11 Case, this Court warned the Debtor that exclusively pursuing an appeal (the "Appeal") of the almost $30,000,000 Harbor Compliance judgment (the "Judgment") was not an advisable strategy to emerge from bankruptcy. Nevertheless, the Debtor pursued that strategy, principally through its special litigation counsel, Quinn Emanuel. Quinn Emanuel's pursuit of that strategy on behalf of the Debtor led to almost $1,600,000 in legal fees and zero benefit to the Debtor or its estate. Accordingly, it would be manifestly unreasonable for this Court to reward the ill-advised and ultimately pointless pursuit of that strategy in light of this Court's prescient comments at the outset of this Chapter 11 Case.

### II. RELEVANT BACKGROUND

2. On September 25, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1.

3. At a January 22, 2025 hearing on *Debtor's Motion for an Order Extending Exclusive Periods Pursuant to 11 U.S.C. § 1121(d)(1)* [ECF No. 53], the Court told the Debtor that it needed to proceed in the bankruptcy as if it would lose its appeal of the Judgment and warned the Debtor it could not sit in bankruptcy while the appeal proceeded to conclusion. *See Transcript of the Hearing re Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement* on January 22, 2025 at 22:9–24:12, 26:13–16.

4. At a February 20, 2025, hearing on *Harbor Compliance's Motion for a Rule 2004 Order* [ECF No. 69], the Court again told the Debtor that its strategy of exclusively appealing the

2

Judgment was insufficient as a bankruptcy exit strategy, and it needed to proceed in the Chapter 11 Case as if it would lose the appeal. *See Transcript of the Hearing re Application for FRBP 2004 Examination* on February 20, 2025 at 20:16–24. In that same hearing, the Court stressed that the Debtor needed to move forward with the bankruptcy restructuring process, and that if the Debtor was successful in appealing the Judgment it could be dealt with then. *Id.* at 24:10–24. The Court also warned the Debtor that, if it did not make process toward reorganization, it would not be inclined to grant another extension of exclusivity. *Id.* at 21:1–22:10.

5. At a May 27, 2025 hearing on *Debtor's Motion for an Order Further Extending Exclusive Periods Pursuant to 11 U.S.C. § 1121(d)(1)* [ECF No. 118], this Court, in issuing its ruling, stated that the Debtor had failed to make sufficient progress towards a plan of reorganization, and explicitly stated that the Court disagreed that the Debtor must wait until the appeal of the Judgment was decided to move forward with prosecution of a plan. *See Transcript of the Hearing re Second Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement* on May 27, 2025 at 71:14–73:23. Ultimately, the Court denied the Debtor's request to extend its exclusive periods. *Id.* at 74:10–11.

6. On July 2, 2025, Harbor Compliance filed its *Omnibus Objection to the Applications for Interim Professional Compensation and Reimbursement of Expenses* [ECF No. 164] ("First Fee Objection") in response to the first interim fee applications of Kirby, Aisner & Curley LLP ("KAC"), Dilworth Paxson LLP ("Dilworth"), and Quinn Emanuel. Harbor Compliance hereby incorporates its First Fee Objection herein.

7. At a July 10, 2025, hearing on the first interim fee applications for KAC, Dilworth, and Quinn Emanuel, this Court questioned whether the Debtor was acquitting its fiduciary duty to its creditors by continuing the strategy of "sit[ting] in bankruptcy and run[ning] up fees and

3

hop[ing] that [the Debtor] wins on that appeal." *See Transcript of the Hearing re Application for Interim Professional Compensation and Reimbursement of Expenses for Quinn Emanuel Urquhart & Sullivan, LLP* on July 10, 2025 at 26:16–25. The Court further commented that even if the Debtor partially prevailed on the Appeal by reducing the damages award, it would be immaterial to the Debtor's efforts to exit chapter 11. *Id.* at 27:1–4. The Court noted that confirming a plan may be difficult because of the growing administrative expenses in the case, and that a reduction or agreed upon payout may be necessary. *Id.* 25:23–26:1. The Court also stated that the Debtor and its professionals "probably ought to adjust their budget" or at least "should consider" doing so if they planned on exceeding the 10% variance permitted under the cash collateral orders in future fee applications, a directive the Debtor ignored. *Id.* at 43:2–16.

8. On August 11, 2025, Harbor Compliance filed a motion seeking approval of its disclosure statement, voting procedures, and forms of ballots and notices [ECF No. 178] (as supplemented, amended, and modified, the "Plan"). Ultimately, on November 6, 2025, after a contested confirmation hearing, the Court entered an order confirming the Plan [ECF No. 293]. In the Plan, Harbor Compliance agreed to fund the Plan Trust Deficit, including the Allowed Administrative Expenses, which include Quinn Emanuel's allowed fees and expenses.

9. On August 15, 2025, the Third Circuit issued its opinion and ruling regarding the appeal of the Judgment. The Third Circuit affirmed the Judgment in all respects except to conditionally remit the damages by $11,068,044, leaving over $20,000,000 of Harbor Compliance's claim intact with the opportunity for Harbor Compliance to have a trial on the remitted damages.

10. The Debtor's chief executive officer during the bankruptcy, Mark Milastsivy, ultimately confirmed for the Court that the Debtor's reorganization efforts were minimal until the

4

summer of 2025, just before the Third Circuit issued its rule on the appeal of the Judgment. *See Amended Declaration of Mark Milastsivy in Support of Motion for Reconsideration of Order Confirming Plan of Reorganization* [ECF No. 314] at ¶¶ 3–7.

11. On October 16, 2025, Harbor Compliance filed its *Objection to the Second Interim Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP For Allowance of Compensation and Reimbursement of Expenses Incurred as Special Litigation Counsel for the Period May 1, 2025 through August 31, 2025* [ECF No. 259] ("Second Fee Objection") in response to the second interim fee application of Quinn Emanuel. Harbor Compliance hereby incorporates its Second Fee Objection herein.

12. On December 12, 2025, Quinn Emanuel filed its Fee Application, seeking $36,799.50. In combination with its prior approved fees and expenses, Quinn Emanuel's fees and expenses in connection with this Chapter 11 case total $1,567,726.12.

### III. ARGUMENT

13. Harbor Compliance hereby incorporates by reference and reasserts its arguments as laid out in its First Fee Objection and its Second Fee Objection.

14. In addition, while the decision on the strategy to pursue ultimately lies with the Debtor, Quinn Emanuel had a duty to be up front and honest with the Debtor as to the likelihood of success of the Appeal and should have advised the Debtor to engage in efforts to reorganize while pursuing the Appeal. Despite this Court's continued warnings to the Debtor, the Debtor continued to exclusively pursue the Appeal of the Judgment as its primary method for emerging from bankruptcy. The Debtor hardly engaged in any reorganization efforts until the summer of 2025.

5

15. On July 10, 2025, and for the (at least) fourth time, this Court explicitly warned the Debtor and Quinn Emanuel that partially prevailing in the Appeal was unlikely reduce the damages by an amount sufficient for the Debtor to emerge from bankruptcy. The Third Circuit did almost exactly as the Court predicted—conditionally reduced the damages in an amount that made *no difference at all* in the outcome of this Chapter 11 Case. Essentially, the facts that were borne out at the end of this case prove that this Court was right all along in its warnings to the Debtor.

16. In light of this Court's continued warnings, the meaningless result of the Appeal, and the complete lack of value Quinn Emanuel delivered to the estate and the Debtor's creditors, Harbor Compliance submits it is unreasonable that Quinn Emanuel be paid $1,567,726.12 for pursuing the Appeal. On the other hand, Harbor Compliance undertook an immense effort to essentially pull a recalcitrant Debtor out of bankruptcy at Harbor Compliance's own substantial cost and expense. Under circumstances such as these, Harbor Compliance submits it is reasonable and equitable to cap Quinn Emanuel's fees at the amounts budgeted in the cash collateral orders [ECF Nos. 12, 36, 83, 157]. Harbor Compliance respectfully requests that the Court deny the Fee Application and fashion an Order limiting total fees for Quinn Emanuel (both prior and present) to the 10% variance permitted under the Cash Collateral Orders.

### IV.    CONCLUSION

17. The instant Third and Final QE Fee Application seeks compensation of $36,799.50 in fees and expenses, bringing the total fees and expenses supposedly incurred in the interests of the estate to $1,567,726.12. Harbor Compliance respectfully requests that the Court deny the Third and Final Fee Application, and fashion an Order limiting total fees for Quinn Emanuel (both prior and present) to the 10% variance permitted under the Cash Collateral Orders.

Respectfully submitted,

|  |  |
|---|---|
|  | **ROYER COOPER COHEN BRAUNFELD LLC** |
| Date: December 30, 2025 | By: /s/ Marc Skapof |
|  | Marc Hirschfield, Esquire |
|  | 1120 Avenue of the Americas, 4th Floor |
|  | New York, New York 10036-6700 |
|  | T: (212) 994-0452; F: (484) 362-2630 |
|  | E:  mhirschfield@rccblaw.com |
|  | Marc Skapof, Esquire |
|  | T: (212) 994-0452; F: (484) 362-2630 |
|  | Email: mskapof@rccblaw.com |
|  |  |
|  | Matthew Faranda-Diedrich, Esquire* |
|  | Frank Toub, Esquire* |
|  | Three Logan Square |
|  | 1717 Arch Street, 47th Floor |
|  | Philadelphia, PA 19103 |
|  | T: (215) 839-1000; F: (484) 362-2630 |
|  | Email: mfd@rccblaw.com |
|  | *Admitted *Pro Hac Vice* |
|  |  |
|  | *Attorneys for Plan Proponent, Harbor Business Compliance Corporation* |

**ROYER COOPER COHEN BRAUNFELD LLC**
**Marc Hirschfield, Esquire**
**1120 Avenue of the Americas, 4th Floor**
**New York, New York 10036-6700**
**Telephone: (212) 994-0451**
**Email: mhirschfield@rccblaw.com**
**Marc Skapof, Esquire**
**Telephone: (212) 994-0452**
**Email: mskapof@rccblaw.com**
**Matthew Faranda-Diedrich, Esquire***
**Frank Toub, Esquire***
**Three Logan Square**
**1717 Arch Street, Suite 4700**
**Philadelphia, PA 19103**
**Telephone: (215) 839-1000**
**Email: mfd@rccblaw.com**
**\*Admitted** *Pro Hac Vice*
*Counsel to Creditor, Harbor Business Compliance Corporation*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Firstbase.io, Inc. | : | Case No. 24-11647(LGB) |
| | : | |
| Debtor. | : | |
| | : | |

### CERTIFICATE OF SERVICE

I, Marc Skapof, do here by affirm under penalty of perjury, that I am not a party to the action and am over 18 years of age and a partner at the law firm of Royer Cooper Cohen Braunfeld LLC, 1120 Avenue of the Americas, 4th Floor, New York, New York 10036.

On this date, I caused to be served a true and correct copy of Harbor Business Compliance Corporation's Objection to the Third and Final Interim Fee Application of Quinn Emanuel Urquhart & Sullivan, LLP, directly to Chambers via Federal Express Priority Overnight and as follows:

1

*Via ECF and/or Email*

Quinn Emanuel Urquhart & Sullivan, LLP
Derek L. Shaffer
1300 I St. NW, Ste. 900
Washington, DC 20005
derekshaffer@quinnemanuel.com
Eric Winston
865 South Figueroa St., 10th Fl.
Los Angeles, CA 90014
ericwinston@quinnemanuel.com
Joseph H. Margolies
191 N. Wacker Dr., Ste. 2700
Chicago, IL 60606
josephmargolies@quinnemanuel.com

U.S. Trustee
United States Trustee
Office of the United States Trustee - NY
Alexander Hamilton Custom House
One Bowling Green, Room 534
New York, NY 10004-1408

Date: December 30, 2025                                       */s/ Marc Skapof*
                                                              Marc Skapof, Esquire

2